THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* REUBEN NORKIN, Appellant.

*Crimes — murder in first degree — judgment of conviction affirmed.*

(Argued January 8, 1924; decided February 26, 1924.)

APPEAL from a judgment of the Bronx County Court, rendered January 30, 1923, upon a verdict convicting the defendant of the crime of murder in the first degree.

*Thomas I. Sheridan* and *Sol Tekulsky* for appellant.

*John E. McGeehan, District Attorney · (Albert Cohn* and *George B. De Luca* of counsel), for respondent.

Judgment of conviction affirmed; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGH-LIN, ANDREWS and LEHMAN, JJ.

CRANE, J. (dissenting). I dissent for the following reasons:

The defendant was arrested apparently as a witness against Becker who had been charged and held for the murder of Mrs. Becker, his wife. While the defendant was in custody, he was informed by a detective that Becker accused him of having killed Mrs. Becker. Thereupon the officers confronted Becker with the defendant and Becker said to him in the presence and hearing of the officers: "Ruby Norkin, you killed my wife." Norkin made no reply. He was under arrest and had been told by the officers not to answer. The testimony was given by Lieutenant Bruckman and also by the defendant. It was repeated a number of times.

While it is true that this testimony was brought out on cross-examination of Lieutenant Bruckman by the defendant's lawyer and also given in evidence by the defendant himself when he was upon the stand, yet it was merely hearsay testimony and no evidence whatever of the fact that Norkin had killed Becker's wife. Becker was not called as a witness; anything he may have said outside of the court room to the officers or to the defendant when under arrest was the purest hearsay and no evidence whatever recognized by a court of law and surely no evidence upon which a conviction of murder in the first degree should be supported. (*People* v. *Conrow*, 200 N. Y. 356, 367; *People* v. *Kennedy*, 164 N. Y. 449; *People* v. *De Paulo*, 235 N. Y. 39.)

While the trial judge was not called upon to strike out this testimony as it had been brought out by the defendant and his counsel, yet it was his duty to instruct the jury that such testimony was no evidence against Norkin. What did the jury know about hearsay testimony? How were they to tell that the statements of Becker made in the police station were not evidence against the defendant in this case. It was the duty of the trial judge to have instructed the jury that they were not to consider this evidence as bearing on the

defendant's guilt. There was no such instruction, no reference to it whatever. The trial judge did, however, at request, charge the jury as follows: "That the statement made by McCarton to the defendant, wherein McCarton stated that Becker had involved the defendant in the crime, is no proof of the fact that such a statement was made, or if made, it is no proof of the fact that the defendant was a party to the crime." McCarton was the police officer who first told the defendant that Becker had accused him. This charge affecting McCarton's testimony emphasized, in my opinion, the omission regarding Becker; it implied that what Becker had said was testimony. If the judge had told the jury that Becker's hearsay statements were evidence against Norkin bearing upon the question of whether or not he had killed Mrs. Becker, it would be reversible error; it is equally error, in my judgment, when the statements being in, he *failed* to tell the jury that they could not be taken as evidence against Norkin upon such an issue.

The district attorney tried the case upon the theory that Norkin, this defendant, aided and abetted Becker in killing his wife by standing guard or watch, or as a lookout, while he, Becker, did the act, that is, while Becker gave the fatal blow. The judge charged the jury upon this theory. It was not claimed that the defendant Norkin killed Mrs. Becker. The only evidence that he killed her was the statement made by Becker to Norkin in the presence of the police officers, as above mentioned, to wit: " Yes, Ruby Norkin, you killed my wife."

The judge emphasized, in my judgment, this incompetent hearsay testimony by charging the jury that they might find the defendant guilty of doing the very act of killing; in other words, that on the testimony of what Becker said outside of court together with the other testimony in the case, the jury could find the defendant guilty of having killed Mrs. Becker, that is, of having perpetrated the act of killing. His charge is as follows:

" Gentlemen, so that there may be no misunderstanding in your minds about it, I have already charged you that if the defendant aided Becker in the murder, either by preparation or *perpetration*, then he is guilty.  If he did not aid him in the murder either by preparation or *perpetration*, no matter what else he did, he is not guilty. *Perpetration, of course, you know is the act of killing.* Preparation, you understand what that means, if he did anything to aid him or in preparing for the murder."

A majority of the court are of the opinion that on the entire record the case was properly submitted to the jury and that the defects above indicated were at most inadvertent and not misleading, but in view of the fact that the main evidence against this defendant was his confession, I feel that the substantial rights of the defendant to a fair trial were not adequately protected.