THE PEOPLE OF THE STATE OF NEW YORK, Appellant and Respondent, *v.* PAUL LA BARBERA, Respondent and Appellant.

340

Argued April 29, 1937; decided May 25, 1937.

*David L. Brunstrom, District Attorney,* for The People of the State of New York, appellant and respondent. Section 542 of the Code of Criminal Procedure required an affirmance of the conviction. (*People* v. *Thorn,* 156 N. Y. 286.) The defect was lawfully waived. (*People* v. *Thorn,* 156 N. Y. 286; *People* v. *Bragle,* 88 N. Y. 585; *People* v. *Gowasky,* 244 N. Y. 451; *People* v. *Sugarman,* 248 N. Y. 255; *People* v. *Toledo,* 150 App. Div. 403; 206 N. Y. 661; *Pierson* v. *People,* 79 N. Y. 424; *Draz* v. *United States,* 223 U. S. 442.) The Court of Appeals is without jurisdiction to entertain the attempted appeal of the defendant. (Code Crim. Proc. § 520; *People*

v. *Carmichael*, 249 N. Y. 189.) The testimony of Mrs. Gagliano as to her conversation with the defendant was competent. (*People* v. *Kennedy*, 164 N. Y. 449; *People* v. *Friedman*, 205 N. Y. 161; *Kelley* v. *People*, 55 N. Y. 565; *People* v. *Ferrara*, 199 N. Y. 414.)

*Walter S. Rexford* for defendant, respondent and appellant. It was error to instruct the jury, and read the evidence in the absence of the defendant. (Code Crim. Proc. § 356; *Maurer* v. *People*, 43 N. Y. 1; *People* v. *Winchell*, 7 Cow. 525; *People* v. *Perkins*, 1 Winch. 91; 1 Cow. 335; *People* v. *Bragle*, 88 N. Y. 585; *Messner* v. *People*, 45 N. Y. 1.) The evidence of the witness, as to a conversation with the defendant at his restaurant was incompetent, and should have been excluded, he having denied any guilt in the crime. (*People* v. *DePaulo*, 235 N. Y. 41; *People* v. *Norkin*, 237 N. Y. 592; *People* v. *Conrow*, 200 N. Y. 356; *People* v. *Kennedy*, 164 N. Y. 449.) Circumstantial evidence does not point to the guilt of the accused but is consistent with his innocence. (*People* v. *Fitzgerald*, 156 N. Y. 253; *People* v. *Owens*, 148 N. Y. 648; *People* v. *Smith*, 162 N. Y. 520; *People* v. *Bonifacio*, 190 N. Y. 150.) Sufficient evidence has not been produced, nor does such evidence exist, to establish the guilt of the defendant beyond a reasonable doubt. (*People* v. *Barile*, 244 App. Div. 372; *People* v. *Fitzgerald*, 156 N. Y. 253; *People* v. *Bennett*, 49 N. Y. 137; *People* v. *Owens*, 148 N. Y. 648; *People* v. *Trimarchi*, 231 N. Y. 263; *Ruloff* v. *People*, 18 N. Y. 179.)

FINCH, J. The defendant was convicted of the crime of arson in the second degree. The Appellate Division reversed on the law and granted a new trial. The case comes here on a certification obtained by the People from a justice of the Appellate Division that a question of law is involved. Subsequently the same justice, upon the application of the defendant, certified that " questions of law and facts are involved in this action which ought

to be reviewed by the Court of Appeals, and permission is hereby given to appeal from such order affecting the substantial rights of the defendant." Pursuant to this certificate the defendant appeals by way of cross-appeal.

The appeal of the defendant must be dismissed since there is no judgment of conviction from which he can appeal. (Code Crim. Proc. § 520, subd. 3; *People* v. *Carmichael*, 249 N. Y. 189.) The appeal by the People, however, was validly taken. (*People* v. *Fisher*, 223 N. Y. 459.)

The reversal and the grant of a new trial by the Appellate Division was based upon the following facts: After the charge and the retirement by the jury for deliberation, the jury returned and asked that the testimony of a witness be read. The entire testimony of the witness was read by the court, and a juror asked a question and received an answer. It was then brought to the court's attention by the District Attorney that, although the attorneys for the defendant were present, the defendant himself was absent. The proceedings were halted and the defendant was brought into court. The court then turned to counsel for the defendant and said:

" The Court: The defendant is now present. Now Mr. Lombardo, does the defendant waive the reading of this testimony to the jury not in his presence?

" Mr. Lombardo: I will waive it.

" The Court: And may it be stipulated that this testimony so read not in his presence does not have to be re-read now in his presence?

" Mr. Lombardo: Yes, sir.

" Mr. Brunstrom: And the reading, as it has just now been read, will be with the same force and effect as if the defendant had been here.

" The Court: May that be stipulated?

" Mr. Lombardo: As far as I am concerned.

" The Court: You are speaking for the defendant?

" Mr. Lombardo: Yes.

" The Court: And the defendant is present here."

The Appellate Division held that it was essential that the defendant be present throughout the trial (Code Crim. Proc. § 356), and that proceeding with the trial in his absence could not be waived, citing *Maurer* v. *People* (43 N. Y. 1).

The requirement of section 356, that the defendant be present in person during a trial for a felony, is of ancient origin. Its origin is to be found in the necessity for the presence of the defendant when criminal guilt was determined by ordeal or by battle. (Goldin, History of Presence of Accused, 16 Columbia Law Rev. 18.) When these methods of trial were abandoned, the presence of the defendant was still necessary. Until comparatively recent times, a defendant in a criminal suit was not allowed to be represented by counsel. (3 Blackstone's Commentaries, p. 25; *Powell* v. *Alabama*, 287 U. S. 45, 60.) Although the defendant now is entitled to be represented by counsel, the requirement that the defendant must be present has persisted and is to be found in the statutes or Constitutions of many of the States.

In capital cases it is held that even though the defendant has waived his right to be present, a verdict rendered in his absence, or after a trial from which he has been absent, is defective and the conviction must be reversed. (*Hopt* v. *Utah*, 110 U. S. 574; *Lewis* v. *United States*, 146 U. S. 370; *Sherrod* v. *State*, 93 Miss. 774; *State* v. *Reed*, 65 Mont. 51. Contra, *Cawthon* v. *State*, 119 Ga. 395; *State* v. *Hardee*, 192 N. C. 533.) New York and some other States will not permit a plea of guilty where the crime charged is or may be punishable by death.

In the case of felonies not punishable by death, the rule of law is different. The defendant may plead guilty and waive his right to a trial. He may waive the right to be present during the examination of a witness by defense counsel (*People* v. *Bragle*, 88 N. Y. 585), and the right to be confronted by a witness for the People (*People* v. *Sugarman*, 248 N. Y. 255). The question has

never been passed upon in New York, but the courts of other States are almost unanimous in holding that the defendant may waive his right to be present at the trial or at the time of the rendition of the verdict. (*McCorkle* v. *State*, 14 Ind. 39; *Sahlinger* v. *People*, 102 Ill. 241; *State* v. *Way*, 76 Kan. 928; *Boreing* v. *Beard*, 226 Ky. 47; *Commonwealth* v. *McCarthy*, 163 Mass. 458; *State* v. *Gorman*, 113 Minn. 401; *Price* v. *State*, 36 Miss. 531; *Clemens* v. *State*, 176 Wis. 289; *Diaz* v. *United States*, 223 U. S. 442. Cf. *Smith* v. *State*, 59 Ga. 513; *State* v. *Kelly*, 97 N. C. 404; *Rex* v. *Streek*, 2 Car. & P. 413; 172 Eng. Reprint, 187.) No reason appears for holding that the defendant cannot waive this right, especially where the waiver is made with full knowledge of what has occurred and it is evident that the defendant has suffered no prejudice.

The case of *Maurer* v. *People* (43 N. Y. 1) is not in point. The *Maurer* case involved a charge of murder, and neither the defendant nor his counsel waived the defendant's right to be present at the trial.

We thus conclude that it was error to reverse and grant a new trial on the ground that the defendant could not waive the reading of the testimony to the jury in his absence. He had the power to waive the objection and he exercised that power.

Do any other legal grounds appear upon which the reversal may be sustained? It is urged that no evidence is present to show guilt beyond a reasonable doubt.

The facts brought out at the trial are in brief as follows: The defendant, a saloon keeper in Jamestown, N. Y., formerly owned the premises for the burning of which he was indicted. The title to the premises had been in a land company which had in effect abandoned them, since taxes were in arrears and interest on the mortgage was unpaid. The holder of the mortgage sold it to the defendant for $500 in cash. At the request of the defendant the name of the assignee in the assignment

was left blank, and subsequently William Peters, a cook in the saloon of the defendant, who was engaged to marry the defendant's sister-in-law, was made the record assignee of the mortgage. A fire insurance policy in the sum of $3,000 was made payable to Peters as assignee of the mortgage, although Peters had no financial interest in the mortgage.

Several months prior to the fire, the defendant had telephoned one Peter Gagliano. Gagliano's wife, a niece of the defendant, answered the phone and called her husband. She heard her husband " repeat ' $300.' " At about this time, Peter Gagliano, the witness Musso, and a lawyer called at the place of business of the defendant. Gagliano and the defendant left the others and went into a booth where they were overheard to converse about the mortgage. Shortly thereafter Musso rented the premises, paying $5 toward the lease, this sum being part of a sum of $25 which had been supplied to him by Gagliano. In April, 1935, the premises were set on fire by Gagliano and Musso. An explosion occurred which set fire to the clothes of Gagliano, causing burns which resulted almost immediately in his death. The gasoline used in setting the fire came from a garage operated by the brother of the defendant. Musso was subsequently apprehended, convicted, and sent to prison.

The defendant sent Peters to the defendant's attorney to arrange for recovery upon the loss from the fire insurance company. In December, 1935, Mrs. Gagliano called on the defendant and accused him of causing her husband's death by hiring him to burn the building in question for the sum of $300. At first the defendant denied this charge, but later he impliedly admitted it, and finally expressly admitted that he had employed Peter Gagliano to fire the building.

Upon this evidence a jury could readily find beyond a reasonable doubt that the defendant was guilty of the crime charged.

It is asserted that it was error to permit Mrs. Gagliano to testify that she heard her husband " repeat ' $300 ' " while speaking to the defendant on the telephone, since this testimony was hearsay. She did not testify as to what the defendant said, but testified only as to what she heard her husband say. Such testimony is not hearsay. It was properly admitted, since it constituted a foundation for the subsequent testimony of the same witness as to her conversation with the defendant at the time that she accused him of having hired her husband to set fire to the building. Moreover, the same testimony was later admitted without objection or exception on direct examination by the prosecution, and again on cross-examination by the defense.

It is also urged that the testimony of Mrs. Gagliano, concerning the defendant's admissions to her, was inadmissible since the defendant had denied the charge that he was responsible for her husband's death. The full testimony dealing with this matter shows that the witness visited the defendant and told him that she thought he was responsible for her husband's death, and that he should pay her the $300 which he had promised her husband. He denied responsibility, and stated that he had not promised Gagliano $300. If the conversation had stopped there, the testimony might not have been admissible. The defendant, however, went on and by express statement admitted his guilt. He told Mrs. Gagliano that her husband had spent the $300 on another woman, that $38 was still owing to the husband, and that when the insurance money was collected, this $38 would be paid to her; that he had picked Gagliano to set the fire because " if he had not done so somebody else would have." These admissions were probative evidence of the guilt of the defendant, and, therefore, were admissible. (*People* v. *Friedman*, 205 N. Y. 161, 166.) The cases relied upon by the defendant involved persons who maintained silence in the face of accusations of guilt or

who denied their guilt. (*People* v. *Norkin*, 237 N. Y. 592; *People* v. *Conrow*, 200 N. Y. 356; *People* v. *Kennedy*, 164 N. Y. 449; *People* v. *De Paulo*, 235 N. Y. 39.)

It follows that the order of the Appellate Division should be reversed, and the judgment of the Trial Term affirmed. The appeal by the defendant should be dismissed.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and RIPPEY, JJ., concur.

Ordered accordingly.