■    THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN F. McBRIDE, Appellant, v. EDWARD M. FAY, as Warden of Green Haven Prison, Respondent. — In a habeas corpus proceeding, relator appeals from an order of the Supreme Court, Dutchess County, entered December 12, 1962 after a hearing, which dismissed the writ and remanded him to the custody of respondent. Order affirmed. On May 29, 1957, after a jury trial in the County Court, Suffolk County, the relator was convicted of robbery, first degree, and sentenced to serve a term of 15 to 30 years. Upon appeal, we affirmed the judgment of conviction (9 A D 2d 695). In this proceeding relator urges that his judgment of conviction is a nullity in that the trial court lost jurisdiction because neither relator nor his attorney was present in the courtroom when the jury, after retiring to deliberate, returned to the courtroom to hear a statement by a codefendant read to them by the court reporter. Relator contends: (1) that the reading to the jury in his absence was a violation of section 427 of the Code of Criminal Procedure, which provides that in felony cases the defendant must be present when the jury is recalled to the courtroom; and (2) that habeas corpus is the proper remedy. In our opinion, the writ was properly denied as the error did not affect the jurisdiction of the court. A final judgment of a court, though erroneous, is not void if the court had jurisdiction of the person of the accused and jurisdiction to try the charge made against him (*People ex rel. Carr* v. *Martin,* 286 N. Y. 27); habeas corpus does not lie in such a case and a party aggrieved can have relief only by writ of error or by appeal (*People ex rel. Tweed* v. *Liscomb,* 60 N. Y. 559). Relator here could have waived his right to be present when the jury was recalled to the courtroom (*People v. La Barbera,* 274 N. Y. 339). In a case such as this, where the indictment is for a noncapital offense and where the defendant has the power to waive his right to be present, the defect caused by his absence without his consent or waiver is not one which affects the jurisdiction

of the court. *People ex rel. Bartlam* v. *Murphy* (9 N Y 2d 550), relied upon in the dissenting memorandum, is distinguishable. There relator made an application by way of habeas corpus, alleging that neither he nor his attorney was present during part of his trial for murder in the first degree and at a time when the jury, after retiring to deliberate, had returned for further instructions. The court there held that the presence of the defendant in a murder case, when the jury returns for further instructions, is essential to the court's jurisdiction. However, as held in *People* v. *La Barbera* (*supra,* pp. 343-344), this requirement is alterable in trials for noncapital offenses. Furthermore, although raised for the first time on this application, relator could have raised this point in his appeal from the judgment of conviction. The record here clearly shows that after the jury retired to deliberate, it requested to see a certain exhibit, to which request relator's attorney objected; the court thereupon made the statement in the presence of relator's attorney that the jury then "must be returned to the courtroom"; and the jurors returned to the courtroom and the exhibit was read to them. The stenographic minutes of the trial do not indicate one way or the other whether relator or his attorney was present in the courtroom at this time. However, relator could have ascertained from the record that the jury was called back to the courtroom and he knew that he was not present at that time. Furthermore, his attorney was informed by the court that the jury was to be recalled. He thus had the opportunity but failed to raise the point on appeal from the judgment of conviction. Ughetta, Acting P. J., Christ and Hill, JJ., concur; Brennan and Hopkins, JJ., dissent and vote to reverse the order, to grant the application and to discharge relator from custody, with the following memorandum: In this proceeding the relator challenges his detention, claiming that the trial court lost jurisdiction to pronounce judgment by reason of the following facts: After retiring to deliberate, the jury sent a request to the Trial Judge that a certain statement made by a codefendant concerning the crime be read to them. Neither the relator nor his counsel was then in the courtroom and they were not informed of this request. The jury was returned to the courtroom and in the absence of the relator and his counsel the said statement was read to the jury by the court reporter. The applicable principles of substantive law have been recently stated by the Court of Appeals in *People ex rel. Bartlam* v. *Murphy* (9 N Y 2d 550, 553), as follows: " A defendant in a felony case has an absolute constitutional and statutory right to be present at all stages of the trial and to the aid of counsel (N. Y. Const., art. I, § 6; Code Crim. Pro., §§ 356, 427). Section 427 of the code specifically provides for notice to counsel and mandates the presence of the defendant in the courtroom in the event the jury returns for further instructions. Indeed, presence of a defendant in a felony prosecution is a condition of due processs under the Federal Constitution 'whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge' (*Snyder* v. *Massachusetts,* 291 U. S. 97, 105-106). Under that test, presence of a defendant is required when further instructions are being given to the jury (*Maurer* v. *People,* 43 N. Y. 1, 5; *People* v. *Palumbo,* 3 Misc 2d 229)." While a defendant may waive his right to be present in court during a part of the trial, at least in a noncapital case such as this (*People* v. *La Barbera,* 274 N. Y. 339; *People* v. *Winship,* 309 N. Y. 311, 313; *People* v. *O'Keefe,* 281 App. Div. 409, 417, affd. 306 N. Y. 619), there was not and could not have been any such waiver here; neither the relator nor his counsel had any knowledge of what occurred (*People* v. *La Barbera, supra,* p. 344; cf. *People* v. *Tyler,* 14 A D 2d 609, 610). Nor may it be said that the relator was not prejudiced by the occurrence (*People* v. *Bragle,* 88 N. Y. 585; *People* v. *O'Keefe, supra*) ; the statement of his codefendant was reread to the jury without any further instructions being given concerning its limited admis-

sibility. It is clear, therefore, that the relator's right to be present at the trial and, specifically, to be present with counsel when further instructions were being given to the jury, was violated. In dismissing the writ the court below held that "such procedural error did not  *  *  * vitiate the jurisdiction of the court" and that, therefore, habeas corpus does not lie. Although this challenge to the validity of the trial might have been raised by the relator on appeal from the judgment of conviction (it appears from our records that it was not so raised), in our opinion this issue is one of jurisdiction which may now be raised (*Maurer* v. *People*, 43 N. Y. 1, 5; *People ex rel. Bartlam* v. *Murphy, supra,* 9 N Y 2d 550, 554, and, therefore, habeas corpus may nevertheless be invoked (*People ex rel. Bartlam* v. *Murphy, supra*; *People* v. *Schildhaus,* 8 N Y 2d 33, 36). We are, accordingly, of the view that the order appealed from should be reversed, the writ granted, and the relator discharged from custody.