Sidney A. Fine, J.
As a result of an episode which occurred on April 14, 1963, the defendant was indicted, in four counts, with crimes of assault in the first and second degree and of *297 criminally possessing a weapon. The trial commenced on February 26,1964. The People, following the examination and cross-examination of the seven witnesses whom they called, rested on the following evening. On the next day, February 28, after the court had denied defendant’s motion to dismiss the several counts in the indictment, the defense called four witnesses. Their testimony completed in the late afternoon, defendant’s attorney sought, and was granted, an adjournment over the week end, to March 2, in order to permit his client to produce additional witnesses, later identified as Linda and Debora Hammond. Linda, the defendant stated (according to his counsel) “ was coming in from the Carolinas somewhere
When court reconvened on Monday, March 2, counsel for the defendant, informing the court that his client had not as yet put in an appearance, requested and procured, a recess until 2 o’clock. Shortly after that hour, counsel again advised the court that he had not been able to locate his client and did not know where he was. The Assistant District Attorney who was trying the case then advised the court that he had learned, during the recess, that the defendant had purchased an airplane ticket for Panama on Saturday, February 29 and had left on March 1, by plane, for that country. The court thereupon ordered the defendant’s bail forfeited and issued a bench warrant. Further proceedings were put over to the morning of March 4. On that adjourned date, the defendant’s attorney advised the court that, although he had not heard from his client, he had been informed by Gloria Bowman, defendant’s girl friend, with whom he had been living, that she had last seen him last Sunday and was of the opinion that he had left to join his wife in Panama.
Pending a hearing as to the circumstances surrounding the failure of defendant to appear on March 4 for trial and his alleged departure for Panama, the court adjourned the trial to Monday, March 9.
Upon the hearing on that day, Gloria Bowman testified that the defendant had left her at 3 o’clock of the afternoon on March 1 and that she did not see or speak to brm again; she had heard, she declared, that the defendant had gone to rejoin his wife in the City of Cristobal, Panama. As to the witnesses Hammond, for whose alleged appearance the trial had gone over until March 2, it was shown that they were at home in Brooklyn on February 28. Further testimony, from employees of Eastern Air Lines, established beyond any doubt that the defendant, identified by means of photographs, had on Saturday, February 29, made a reservation for Eastern’s flight 973, *298 scheduled to leave Kennedy International Airport on March 1 for Panama via Miami and that the defendant had left on that flight at 9:00 p.m., of March 1.
Defendant’s counsel was present throughout the hearing and, while, he did not question any of the witnesses, he interposed no objections either to the testimony adduced or the exhibits received in evidence. At the conclusion of the hearing, however, he moved for a mistrial because of the defendant’s absence. The court denied this motion and then directed that the trial of the criminal proceeding continue on Monday, March 9, despite the absence of the defendant. The trial resulted in a verdict of guilty of the crimes of assault in the second degree and criminally possessing a weapon.
The question thus posed is whether a defendant who has fled the jurisdiction, while his case is on trial, and after the prosecution had completed its case and the defense had called a number of witnesses, may insist upon the declaration of a mistrial on the ground that he has a right, by Constitution and statute to be present throughout the proceedings. Mere statement of the question suggests the answer.
In the absence of an effective waiver by a defendant, charged with a felony, it is indispensable that the accused be present in the courtroom while testimony is being given, while counsel are summing up, while the jury is being charged or when the verdict is rendered or when sentence is pronounced (see, e.g., People ex rel. Lupo v. Fay, 13 N Y 2d 253, citing, among other cases, People v. La Barbera, 274 N. Y. 339). There was in this case no waiver in the traditional or strict sense but it is my opinion that it would be a travesty on justice to say that the defendant did not give up his right to be present at the proceedings. Where the courts of this State have not passed upon the precise question this court should act in a proper case to fill the decisional vacuum, particularly when the courts of other jurisdictions have already done so (cf. Leibert v. Clapp, 13 N Y 2d 313, 317).
It is the prevailing view, where the offense is not a capital one and where the accused is not in custody, that, if after the trial has begun in his presence, ho deliberately absents himself from the courtroom, “ this does not nullify what has been done or prevent the completion of the trial, but, on the contrary, operates as a waiver of his right to be present and leaves the court free to proceed with the trial in like manner and with like effect as if he were present.” (Dias v. United States, 223 U. S. 442, 455; see, also, People v. La Barbera, 274 N. Y. 339, 344, supra; Snyder v. Massachusetts, 291 U. S. 97, 106; Falk v. *299 United States, 15 App. D. C. 446, 454, 460, cert. den. 181 U. S. 618; State ex rel. Shetsky v. Utecht, 228 Minn. 44; 14 Am. Jur., Criminal Law, § 199, p. 905 and cases cited; Glouser v. United States, 296 F. 2d 853 [1961], cert. den. 369 U. S. 825.)
The rationale underlying the Supreme Court’s conclusion in the Dias case is clearly stated in Falk v. United States {supra), wherein the accused had fled the jurisdiction while the Government was still engaged in presenting its case against him. The trial, nevertheless, proceeded in his absence; witnesses were called and, following the court’s charge, a verdict of guilt was returned. When the defendant was later apprehended and presented to the court for sentence, he urged the invalidity of the trial and of the adjudication of guilt because of his absence from the courtroom. In overruling this contention, the court wrote (and the Supreme Court quoted this excerpt in its opinion in the Dias case [223 U. S. 457-458]) as follows (15 App. D. C. 446, 454, 460):
‘ ‘ It does not seem to us to be consonant with the dictates of common sense that an accused person, being at large upon bail, should be at liberty, whenever he pleased, to withdraw himself from the courts of his country and to break up a trial already commenced. The practical result of .such a proposition, if allowed to be law, would be to prevent any trial whatever until the accused person himself should be pleased to permit it. * * * This would be a travesty of justice which could not be tolerated; and it is not required or justified by any regard for the right of personal liberty. On the contrary, the inevitable result would be to abridge the right of personal liberty by abridging or restricting the right now granted by the statute to be abroad on bail until the verdict is rendered. * * * But we do not think that any rule of law or constitutional principle leads us to any conclusion that would be so disastrous as well to the administration of justice as to the true interests of civil liberty” (p. 454).
“ The question is one of broad public policy, whether an accused person, placed upon trial for crime and protected by all the .safeguards with which the humanity of our present criminal law sedulously surrounds him, can with impunity defy the processes of that law, paralyze the proceedings of courts and juries and turn them into a solemn farce, and ultimately compel society, for its own safety, to restrict the operation of the principle of personal liberty. Neither in criminal nor in civil cases will the law allow a person to take advantage of his own wrong. And yet this would be precisely what it would do *300 if it permitted an escape from prison, or an absconding from the jurisdiction while at large on bail, during the pendency of a trial before a jury, to operate as a shield ” (p. 460).
So, in sum, the defendant, by his act of fleeing the jurisdiction and absenting himself from the courtroom, effected a waiver of his right to be present and permitted the court to proceed with the trial just as if he had been present.