◼ ⋅ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NEAL [NEIL] WILLIAM WARNER, Appellant.— Judgment unanimously affirmed. Memorandum: In affirming we would point out that it does not appear from the record that the defendant was present or given an opportunity to be heard when the court, in answer to an inquiry from the jury transmitted by a court officer, after the jury had retired to deliberate, permitted certain exhibits to go to the jury and sent word to them that the bullet was not recovered. The respondent urges that in a noncapital case defendant's presence may be waived under the rule discussed at some length in *People* v. *La Barbera* (274 N. Y. 339). The cases wherein defendants have been found to have waived the right to be present at every stage of the trial, including La Barbera, all relate to waivers by a defendant personally and not by counsel. Here the only claim of waiver had to do with defendant's counsel's statement following the communication to the jury, i.e., "No exception and no objection", and no showing was made of any disposition by the defendant to join in any waiver, if his counsel's statement be taken as such. However, the defendant's absence here being at a time when the court made a determination only as to what exhibits requested were in evidence and available to the jury, and there being no claim of mistake, error or prejudice in connection with the court's rulings, we hold that the defendant's absence did not affect any substantial right and invalidate the judgment of conviction. Such holding is in conformance with the pronouncement of the Court of Appeals in *People ex rel. Lupo* v. *Fay* (13 N. Y. 24, 253, 256). (Appeal from judgment of Chautauqua County Court convicting defendant of robbery, first degree.) Present — Marsh, J. P., Witmer, Bastow and Henry, JJ.