■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY WILLIAMS, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Kings County (Lipp, J.), both rendered September 5, 1990, convicting him of assault in the second degree, attempted escape in the third degree, and obstructing governmental administration, under Indictment No. 10396/89, and of assault in the third degree, under

Indictment No. 12295/89, upon jury verdicts, and imposing sentences.

Ordered that the judgments are reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

The defendant was convicted, *inter alia,* of an assault against his estranged paramour. The defendant was present throughout the trial and testified in his own defense. The case was submitted to the jury on July 30, 1990. The jury was sequestered that night and continued its deliberations the following day.

On July 31, 1990, at approximately 12:10 P.M., the jury sent a note to the court indicating that it had reached a verdict. At that time the defendant, who had been present throughout the morning and who apparently had not been instructed otherwise, was at lunch and absent from the courtroom. After the court advised the defense counsel that a verdict had been reached, the defense counsel unsuccessfully searched for her client for approximately 20 minutes, and the defense counsel reported to the court that she had been unable to locate the defendant. When she suggested "It is 12:30; he may have just gone out for lunch", the court responded, "Nobody gave him permission to". After defense counsel offered, "I don't think he was aware that he needed to ask", the court, not dissuaded and without any further delay or investigation, received the jury's verdict in the defendant's absence. After the jury was polled it returned to the jury room to finish lunch. The court noted that the jury's verdict was being taken in the defendant's absence but explained that it was preferable to take the verdict now so that the jury could "have [its] lunch at [its] leisure and leave * * * when * * * [lunch was] completed", rather than have the jury wait until 2:00 P.M. The court reiterated, "I don't know where [the defendant] is right now * * * he must have just stepped out for a moment. Maybe he thought it was time for lunch too. But he'll be back shortly and I didn't want to keep you waiting, so I took your verdict now". The court thanked the jury for its deliberations and excused it to finish lunch. The court instructed the attorneys to return at 2:00 P.M.

Following the court's luncheon recess, by which time the jury had been discharged, the defendant returned to the courtroom. The defense counsel apologized that the defendant had just gone to lunch and did not realize that it was inappropriate to do so at that time. The defendant also apologized for

his indiscretion. Thereafter the court advised him of the jury's verdict. The defense counsel moved to set aside the verdict on the two counts of assault, arguing that the evidence was legally insufficient. No argument was raised, however, concerning the rendition of the verdict in the defendant's absence. Nevertheless, we now reverse the judgment of conviction, finding that the court abused its discretion in taking the verdict in the defendant's absence.

The defendant never raised an objection to the court's decision to take the jury's verdict in his absence. However, as the People candidly acknowledge, the court departed substantially from the statutory mandate affecting the mode of proceedings prescribed by law when it took the verdict in the defendant's absence without conducting any meaningful inquiry to ascertain his whereabouts. Thus, an issue of law is presented for appellate review (see, *People v Mehmedi*, 69 NY2d 759).

CPL 310.40 (1) provides: "The verdict *must* be rendered and announced by the foreman of the jury in the courtroom *in the presence of* the court, a prosecutor, the defendant's counsel *and the defendant*" (emphasis added). A criminal defendant has a fundamental right to be present at all material stages of a trial (see, *People v Dokes*, 79 NY2d 656; *People v Velasco*, 77 NY2d 469; *People v Mehmedi*, 69 NY2d 759, *supra; People v Ciaccio*, 47 NY2d 431; *Maurer v People*, 43 NY 1; *People v Huarotte*, 134 AD2d 166). A material stage has been defined as one in which the defendant's "presence has a relation, reasonably substantial to the fullness of his opportunity to defend against the charge" (*Snyder v Massachusetts*, 291 US 97, 105-106). Under this definition, the rendering of the verdict has long been held to be a material stage of a trial (*People v Perkins*, 1 Wend 91; *see also, People v Ciaccio, supra, People v La Barbera*, 274 NY 339; *Maurer v People, supra*, at 3). Thus, in the absence of a knowing, voluntary, and intelligent waiver (see, *People v Parker*, 57 NY2d 136, 140; *People v Epps*, 37 NY2d 343, 350, *cert denied* 423 US 999), or in the absence of a unique or unusual circumstance (*People v Webb*, 134 AD2d 303; *People v Richards*, 140 Misc 2d 567), it is necessary that a defendant who is charged with a felony be present in the courtroom while the verdict is rendered (*People ex rel. Lupo v Fay*, 13 NY2d 253, 257; *remittitur amended* 13 NY 2d 1178, *cert denied* 376 US 958; *People v Ciaccio, supra; People v Welsh*, 42 Misc 2d 296).

In the instant case, it is clear that the defendant's brief absence for lunch was not an extraordinary circumstance

which would justify the court taking the verdict in his absence. Nor did the court ascertain that the defendant had waived (see, People v Parker, supra) or forfeited (see, People v Sanchez, 65 NY2d 436) his right to be present as the jury announced its verdict. Rather, given the circumstances that it appeared that the defendant had merely left the court for lunch, and since the jury was already at lunch itself, it was an abuse of discretion for the court not to order a brief adjournment during which the defendant's whereabouts could have been ascertained. The record reveals that the court was purportedly concerned with not delaying the jury's lunch any longer than necessary. The court should, however, have shown greater concern for the defendant's right to be present at this material stage of the trial.

In light of our determination of the foregoing, we need not reach the defendant's remaining contentions. Rosenblatt, J. P., Miller, O'Brien and Ritter, JJ., concur.