■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT CARROLL, Appellant. [601 NYS2d 702] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Namm, J.), rendered June 12, 1988, convicting him of burglary in the first degree (four counts), robbery in the first degree (two counts), sodomy in the first degree (eight counts), rape in the first degree (eight counts), grand larceny in the fourth degree, sexual abuse in the first degree (three counts), attempted robbery in the first degree, attempted rape in the first degree (two counts), attempted sodomy in the first degree, and burglary in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and are determined to have been established.

The defendant stands convicted, *inter alia,* of multiple counts of rape, attempted rape, and burglary in connection with crimes committed during the burglary of five Suffolk County residences. On appeal, we find merit to the defendant's claim that the court erred when it conducted a read-back of testimony to the deliberating jury in the defendant's absence. The Court of Appeals has stated that "[a] criminal defendant has, as a matter of due process, an absolute right to be present, with counsel, 'whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge' * * * This includes the right to be present during * * * the court's instructions in response to

the jury's questions about the evidence" *(People v Harris,* 76 NY2d 810, 812). The Court of Appeals has also stated that "[p]ursuant to CPL 310.30, a defendant has an 'absolute and unequivocal' right to be present during instructions to the jury, which would include the right to be present during a read-back of testimony to the jury" *(People v Rodriguez,* 76 NY2d 918, 921).

Furthermore, there is no indication in the record that the trial court conducted any inquiry as to the circumstances surrounding the defendant's absence. Thus we are unable to conclude that the defendant deliberately absented himself from the proceedings and thereby forfeited his right to be present *(see, People v Brooks,* 75 NY2d 898, 899, *remittitur amended on other grounds* 76 NY2d 746). Although defense counsel consented to the defendant's absence during the read-back, the Court of Appeals has held that absent an express ratification by the defendant, the defense counsel's consent to this procedure may not be imputed to him *(see, People v Mehmedi,* 69 NY2d 759, 760; *see generally, People v Parker,* 57 NY2d 136, 139-140). At bar, the defendant did not ratify his counsel's waiver of the defendant's right to be present during this material stage of the trial. Thus, under the circumstances of this case, we are constrained to find that the defendant's constitutional and statutory rights to be present during the read-back of testimony were violated.

Since reversal is required we also note that, despite the fact that the defendant and his counsel suggested that the court omit the definitions of the elements of the crimes charged in its instructions to the jury, upon retrial, the better practice would be for the court to define the elements of the crimes charged *(see,* CPL 300.10 [4]).

We reject the defendant's claim that the taped voice identification procedure was suggestive. We note that the same audio identification procedure was utilized in the investigation and prosecution of the defendant for similar offenses in Richmond County, and that we concluded on appeal in that case that the identification procedure was not suggestive *(see, People v Carroll,* 182 AD2d 693). The defendant has advanced no argument compelling us to reach a different conclusion in the present case. Additionally, we find that the court did not improvidently exercise its discretion in denying the defendant's severance motion *(see,* CPL 200.20; *People v Molineux,* 168 NY 264).

In light of our determination herein, we find it unnecessary to reach the remainder of the defendant's claims of trial and

sentencing error. Lawrence, J. P., O'Brien, Copertino and Santucci, JJ., concur.