■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES McGREW, Appellant. [604 NYS2d 724] —Judgment, Supreme Court, Bronx County (William H. Wallace, III, J.), rendered March 1, 1991, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

There is no merit to defendant's contention that the court's uncontroverted statement, apparently based on observation of defendant's conduct, that defendant had gone to the bathroom and decided not to return was not a sufficient recitation of the facts and reasons it relied upon in determining that defendant's absence during jury deliberations was voluntary *(see, People v Brooks,* 75 NY2d 898, 899). Moreover, defense counsel never objected to the finding that the absence was voluntary, stating only that it was out of character for the defendant, and, we note, acknowledged at sentencing that defendant had "absented himself during [the jury] deliberations".

Defendant's other contention, that the trial court erred in failing to inform the defense of a note from a juror and in taking the verdict without responding adequately thereto, is not preserved for appellate review as a matter of law, and we decline to review it in the interest of justice. If we were to review, we would find that the defendant's contention is contradicted by a record which indicates that the note was the topic of a bench conference between the court and the attorneys; that, in any event, the court effectively notified defense counsel of the note and its contents when it spoke to the jury about the note after the verdict was returned; and that the court responded to the note in a meaningful manner by ascertaining that the juror's misgivings expressed in the note

did not affect her ability to continue deliberations. Concur—Murphy, P. J., Sullivan, Kupferman, Asch and Kassal, JJ.