■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH RAMOS, Appellant. [616 NYS2d 400] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J., at trial; Pesce, J., at sentencing), rendered July 2, 1992, convicting him of attempted robbery in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and are determined to have been established.

The defendant contends that the court erred in commencing the trial in his absence. We agree. It is well established that "[a] defendant's right to be present at a criminal trial is encompassed within the confrontation clauses of the State and Federal Constitutions (NY Const, art I, § 6; US Const, 6th Amdt) and the Criminal Procedure Law (CPL 260.20, 340.50)" *(People v Parker,* 57 NY2d 136, 139). While the right to be present may, under some circumstances, be waived by a defendant's conduct, "trial *in absentia* is not thereby automatically authorized" *(People v Parker, supra,* at 142). Rather, as the Court of Appeals has emphasized: "the trial court must exercise its sound discretion upon consideration of all appropriate factors, including the possibility that defendant could be located within a reasonable period of time, the difficulty of rescheduling trial and the chance that evidence will be lost or witnesses will disappear (see, *United States v Peterson,* 524 F2d 167). In most cases the simple expedient of adjournment pending execution of a bench warrant could provide an alternative to trial *in absentia* unless, of course, the prosecution can demonstrate that such a course of action would be totally futile" *(People v Parker, supra,* at 142).

In this case, the defendant was present for jury selection on March 5, 1990, and was instructed to appear the following day at 10:00 A.M. for the beginning of his trial. The next day, the defendant was late to arrive, and defense counsel advised the court that the defendant had called to say that he had been waiting for his witness to pick him up, together with his wheelchair-bound grandfather. In addition, the weather was poor. Despite having been so informed, the court commenced the trial in the defendant's absence at 11:00 A.M. The defendant arrived at the courthouse at approximately 11:15 A.M. The court's failure to adhere to the guidelines set forth in *People v Parker (supra)* or to exercise the simple expedient of adjourning the case to the afternoon violated the defendant's constitutional and statutory right to be present at all stages of the trial *(see, People v Smiley,* 200 AD2d 777; *People v Carroll,* 196 AD2d 546; *People v Williams,* 186 AD2d 161).

Inasmuch as there must be a new trial, we find that a pretrial *Wade* hearing should be conducted also. On the present record, it cannot be said as a matter of law that the complainant's out-of-court identification of the defendant was not suggestive *(see, People v Rodriguez,* 79 NY2d 445, 452-453). There was some evidence adduced at trial to the effect that the complainant may have heard over the police radio, prior to viewing a showup of the defendant, that the police "had the man". The complainant may also have been told that a knife was recovered from "the man". Accordingly, a *Wade* hearing is necessary to determine whether the police employed a suggestive identification procedure. Thompson, J. P., Balletta, O'Brien and Florio, JJ., concur.