■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSÉ FEBO, Appellant. [619 NYS2d 340] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered April 8, 1991, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, his right to be present at all material stages of trial was not violated when the trial court took the verdict in his absence. The defendant forfeited his right to be present when he deliberately absented himself from the trial.

The defendant was present throughout his trial, but left the courthouse while the jury was deliberating and failed to return. Without making an inquiry on the record as to the defendant's whereabouts, the court took the verdict in his absence. At the first scheduled date for sentencing, the prosecutor set forth on the record all the efforts which had been made to locate the defendant on the day the verdict was taken and subsequent thereto. The prosecutor also confirmed that he had previously informed the court that the complainant had seen the defendant near her son's school approximately an hour after the verdict. Defense counsel indicated that he had

no explanation for the defendant's absence. The court concluded that the defendant absconded during jury deliberations, and that his absence was willful. The sentencing was adjourned. On the adjourned date, the defendant's whereabouts were still unknown, and the court again noted that the defendant had willfully absconded during deliberations. The defendant was sentenced in absentia and voluntarily returned on a bench warrant some 13 months later.

A defendant has a fundamental right to be present at all material stages of a trial, which includes the rendering of the verdict (see, People v Williams, 186 AD2d 161; see generally, People v Dokes, 79 NY2d 656; People v Velasco, 77 NY2d 469; People v Carroll, 196 AD2d 546). A defendant may forfeit his right to be present by deliberately absenting himself from the proceedings (see, People v Brooks, 75 NY2d 898; People v Sanchez, 65 NY2d 436). Before proceeding in the defendant's absence, the court should make an inquiry and recite on the record the facts and reasons it is relying upon in determining that the defendant's absence was deliberate (see, People v Brooks, supra, at 899).

While the trial court should have made inquiry as to the reason for the defendant's absence prior to taking the verdict, it is clear in this case that his absence was deliberate. A full inquiry was subsequently made on the record, which included what had occurred on the day the verdict was taken (see, People v Sanchez, supra, at 442). The court determined that the defendant had willfully absconded and stated the reasons for its determination (see, People v Brooks, supra). In the context of this case, the defendant's assertion that he was deprived of his right to be present at the taking of the verdict when he deliberately absconded from that very proceeding is untenable.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Copertino, J. P., Pizzuto, Altman and Hart, JJ., concur.