■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN GREEN, Appellant. [629 NYS2d 53] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lipp, J.), rendered June 4, 1993, convicting him of criminal possession of stolen property in the fifth degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In addition to having been given *Parker* warnings *(People v Parker,* 57 NY2d 136), the defendant was admonished by the court on the second day of trial that his continued absences and late arrivals would no longer be tolerated. At approximately 11:50 A.M. on the third day of trial, the court announced that it would hold a "very short" recess between summations and charge, during which no one should "leave the immediate vicinity of the courtroom". When the proceedings resumed a few minutes later, the defendant did not reappear (indeed, he was only returned on a warrant more than three months later). The court had the hallways and bathrooms searched, and "called around" the courthouse to try to locate the defendant— but without success. In directing the defense counsel to proceed at about 12:20 P.M., the court placed on the record, out of the presence of the jury, that it had announced only a "brief" recess; that this was "about the ninth time in [a] row [that] [the defendant] doesn't come on time"; and that the defendant's absence was entirely unexplained. Subsequently, at around 4:40 P.M. while the jury was deliberating after the court's final charge, the court took testimony from a paralegal as to the efforts made by the Kings County District Attorney's Office to locate the defendant. These efforts included addressing inquiries to various local hospitals, morgues, Brooklyn Central Booking, Missing Persons, and the defendant's mother. Following this hearing, the court put on the record its findings regarding the defendant's absence, which it declared—confirming its original impression—to be voluntary.

Although a defendant has a fundamental right to be present at all material stages of his trial *(see, e.g., People v Williams,* 186 AD2d 161; *see generally, People v Dokes,* 79 NY2d 656; *People v Velasco,* 77 NY2d 469; *People v Carroll,* 196 AD2d 546, *lv denied* 82 NY2d 848), he may forfeit that right by deliberately absenting himself from the proceedings *(see, People v Brooks,* 75 NY2d 898; *People v Sanchez,* 65 NY2d 436). While normally, *before* continuing in a defendant's absence, the court should make an inquiry and recite on the record the facts and reasons it is relying upon in determining that the defendant's

absence was deliberate *(see, People v Brooks, supra; People v Aguilar,* 177 AD2d 197), where, as here, the deliberate character of the defendant's absence is apparent on its face *(cf., People v Williams, supra; People v Amato,* 172 AD2d 545), the court's failure to immediately hold a full hearing does not necessarily constitute reversible error *(see, People v Febo,* 210 AD2d 251). We note that this is not a case where, for example, the defendant was delayed, perhaps by traffic, in arriving at court in the morning, but is rather one where the defendant, who had a history of being late or absent, disappeared during a brief mid-day break. After scouring the courthouse for him, the court put on the record its reasonable determination that the defendant's absence was deliberate; and approximately four hours later it conducted a full-fledged hearing, the results of which corroborated its initial ruling. Under these circumstances, the defendant may not be heard to complain that he was deprived of his right to be present during a material stage of his trial *(see, e.g., People v McGrew,* 198 AD2d 6).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Miller, J. P., Thompson, Friedmann and Florio, JJ., concur.