THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL JOHNSON, Appellant. [735 NYS2d 451] —Judgment unanimously affirmed. Memorandum: Defendant contends that the jury may have convicted him of unindicted offenses of criminal sale and criminal possession of a controlled substance in the third degree, requiring reversal. The evidence established only one sale of cocaine and thus only one instance of possession of cocaine, and we therefore conclude that there is no danger that defendant was convicted of unindicted offenses (*cf., People v McNab,* 167 AD2d 858). County Court properly denied defendant's request for a missing witness charge. Although the witness was knowledgeable about the offenses, she was not under the People's control (*see generally, People v Gonzalez,* 68 NY2d 424, 427-428). Defendant further contends that reversal is

required because the jury rendered its verdict in defendant's absence. Although defendant has a fundamental right to be present when the verdict is rendered (*see,* CPL 310.40 [1]; *People v Febo,* 210 AD2d 251, 252, *lv denied* 85 NY2d 972; *People v Williams,* 186 AD2d 161, 163), he forfeited that right by deliberately absenting himself while the jury was deliberating (*see, People v Febo, supra,* at 251-252). Finally, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Monroe County Court, Bristol, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Hayes, J. P., Scudder, Burns, Gorski and Lawton, JJ.