■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER NEWTON, Appellant. (Appeal No. 1.) [748 NYS2d 93] —Appeal from a judgment of Supreme Court, Monroe County (Mark, J.), entered April 13, 2000, convicting defendant after a jury trial of, inter alia, robbery in the first degree (three counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant was indicted for crimes arising from the alleged assault of his brother on July 30, 1999 and the robbery of the same brother and burglary of that brother's home on August 9, 1999. After a jury trial, defendant was acquitted of assault in the second degree (Penal Law § 120.05 [2]) and convicted of reckless endangerment in the second degree (§ 120.20) in connection with the first incident, and he was convicted of robbery in the first degree (three counts) (§ 160.15 [2]-[4]) and burglary in the first degree (§ 140.30 [1]) in connection with the second incident. Defendant's contention that Supreme Court erred in charging the jury with respect to the crimes arising from the second incident is not preserved for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* 470.15 [6] [a]). We reject the further

contentions of defendant that he may have been convicted of unindicted crimes with respect to the second incident (*see People v Johnson,* 289 AD2d 1024, 1024, *lv denied* 98 NY2d 638) and that the verdict is against the weight of the evidence (*see People v Bleakley,* 69 NY2d 490, 495).

Defendant failed to preserve for our review his additional contention that the conviction of robbery and burglary is not supported by legally sufficient evidence (*see People v Gray,* 86 NY2d 10, 19). Defendant also failed to preserve for our review his contention that the court should have given an alibi charge with respect to the second incident (*see People v Hogan,* 292 AD2d 834). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Finally, we conclude that defendant received meaningful representation (*see People v Baldi,* 54 NY2d 137, 147) and that any error in the court's denial of defendant's motion to sever the counts with respect to the two incidents is harmless (*see People v Quartieri,* 171 AD2d 889, 892, *lv denied* 78 NY2d 1079; *People v Ferringer,* 120 AD2d 101, 111; *see also People v Crimmins,* 36 NY2d 230, 241-242). Present—Wisner, J.P., Hurlbutt, Scudder and Kehoe, JJ.