SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

1088
KA 08-01131
PRESENT: SMITH, J.P., CARNI, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JONATHAN J. MEEK, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (JOSEPH D. WALDORF OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered March 25, 2008. The judgment convicted defendant, upon a jury verdict, of course of sexual conduct against a child in the first degree and sodomy in the first degree (three counts).

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Monroe County, for resentencing.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [former (a)]) and three counts of sodomy in the first degree (former § 130.50 [3]). Defendant contends that Supreme Court erred in denying his motions to sever the counts charging possessing a sexual performance by a child from the other counts of the indictment. We conclude that any such error is harmless inasmuch as the evidence of defendant's guilt was overwhelming and there was no significant probability that defendant would have been acquitted of the counts in question but for the alleged error (*see People v Serrano*, 74 AD3d 1104, 1107, *lv denied* 15 NY3d 895; *People v Newton*, 298 AD2d 896, *lv denied* 99 NY2d 562; *see generally People v Crimmins*, 36 NY2d 230, 241-242). The court dismissed several counts charging defendant with possessing a sexual performance by a child (§ 263.16), and the jury acquitted defendant of the remainder of the counts charging him with that crime, as well as two counts of sodomy in the first degree (former § 130.50 [1], [4]; *see People v Jones*, 301 AD2d 678, 680, *lv denied* 99 NY2d 616; *see generally People v Rodriguez*, 68 AD3d 1351, 1353, *lv denied* 14 NY3d 804).

We reject defendant's further contention that the imposition of

consecutive sentences on each of the three sodomy counts was illegal, inasmuch as each of those counts charged a separate act involving the same victim (*see People v Ramirez*, 89 NY2d 444, 451; *People v Laureano*, 87 NY2d 640, 643; *see also People v Lanfair*, 18 AD3d 1032, 1033-1034, *lv denied* 5 NY3d 790).  As the People correctly concede, however, the court erred in imposing determinate sentences on the four counts of which defendant was convicted inasmuch as indeterminate sentences should have been imposed pursuant to Penal Law § 70.02 (former [3] [a], [4]).  We therefore modify the judgment by vacating the sentence imposed, and we remit the matter to Supreme Court for resentencing.

Entered:  December 30, 2011                  Frances E. Cafarell
                                             Clerk of the Court