Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dwyer, J.), rendered March 12, 2015, convicting him of manslaughter in the first degree, assault in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
 

 Ordered that the judgment is reversed, on the law, and a new trial is ordered.
 

 The defendant was convicted of manslaughter in the first degree, assault in the first degree, and criminal possession of a weapon in the second degree in connection with a shooting which occurred on August 30, 2012.
 

 Contrary to the defendant’s contention, his absence from the Sirois hearing (see People v Sirois, 92 AD2d 618 [1983]) does not warrant reversal. The Supreme Court’s ruling was wholly in the defendant’s favor, and therefore, the defendant’s presence would not have contributed to the advancing of his case (see People v Favor, 82 NY2d 254, 268 [1993]; People v Slaughter, 23 AD3d 502, 502 [2005]; People v Tellier, 232 AD2d 509, 509-510 [1996]).
 

 However, we agree with the defendant’s contention that he was denied the right to be present at his trial during the testimony of two prosecution witnesses. The defendant, who was incarcerated at Rikers Island, was produced in court for the first two days of the trial. On the third day, the defendant did not appear in court. Late that morning, the Supreme Court stated on the record, “[w]e just received word the defendant is still at Rikers Island.” Next, the court’s law secretary stated that the court’s “expediter” “was told the defendant is refusing to come to court and they don’t know the reason why at this point. They suggested it might be because of clothing.” The court indicated that the defendant knew that he had clothing at the courthouse, which he had been changing into each day of the trial, and that the defendant’s clothing was not an acceptable excuse for his absence. During a brief recess, defense counsel contacted the “video conference part” in an apparent attempt to arrange a video conference with the defendant, but represented to the court that, absent a court order, the earliest interview that could be arranged would not be until the following morning. The court responded that it did not mind if counsel set up an interview with the defendant for the following morning, but directed the parties to proceed with the trial in the meantime. Thereafter, in the defendant’s absence, the court permitted the People to elicit testimony from a witness concerning an excited utterance made by the witness’s brother identifying the defendant as the shooter.
 

 After the witness’s testimony was completed, the Supreme Court stated that the court’s “expediter” “has been talking to Riker’s Island,” and ascertained that the defendant declined to leave his cell due to “no court clothes.” Following a luncheon recess, defense counsel informed the court that he had spoken to the defendant, and that the defendant had not refused to come to court. Counsel indicated that when he spoke to the defendant he was wearing the same clothing that he had been wearing during the trial. Counsel stated that the defendant informed him that he was ready for court, but that no bus arrived to transport him to the courthouse. After a discussion about whether the defendant had signed a “refusal report,” the court indicated that the issue could not be resolved at that time and that it would “take it up first thing tomorrow.” Counsel objected to the People calling another witness in the defendant’s absence pending resolution of the matter. However, the court allowed the People’s ballistics expert to testify.
 

 “A defendant’s right to be present at a criminal trial is encompassed within the confrontation clauses of the State and Federal Constitutions” (People v Parker, 57 NY2d 136, 139 [1982]; see People v Paige, 134 AD3d 1048, 1052 [2015]). A defendant “may forfeit that right by deliberately absenting himself from the proceedings” (People v Williams, 147 AD3d 983, 983 [2017]; see People v Sanchez, 65 NY2d 436, 443-444 [1985]; People v Fields, 115 AD3d 673, 674-675 [2014]). However, “before proceeding in the defendant’s absence, the court has an obligation to inquire into the surrounding circumstances to determine if the defendant’s absence is deliberate and to recite on the record the reasons for its finding,” and “[t]he failure to conduct such an inquiry constitutes reversible error” (People v Amato, 172 AD2d 545, 545 [1991]; see People v Redzeposki, 7 NY3d 725, 726 [2006]; People v Brooks, 75 NY2d 898, 899 [1990]; People v Williams, 147 AD3d at 984). Furthermore, “[w]hile the right to be present may, under some circumstances, be waived by a defendant’s conduct, ‘trial in absentia is not thereby automatically authorized’ ” (People v Ramos, 207 AD2d 810, 810 [1994] [emphasis omitted], quoting People v Parker, 57 NY2d at 142; see People v June, 116 AD3d 1094, 1095 [2014]). “Rather, the trial court must exercise its sound discretion upon consideration of all appropriate factors, including the possibility that defendant could be located within a reasonable period of time, the difficulty of rescheduling trial and the chance that evidence will be lost or witnesses will disappear” (People v Parker, 57 NY2d at 142; see People v June, 116 AD3d at 1095; People v Major, 68 AD3d 1244, 1245 [2009]; People v Ramos, 207 AD2d at 810; People v Valdez, 135 AD2d 761, 762 [1987]).
 

 Here, the Supreme Court failed to conduct a sufficient inquiry as to the circumstances surrounding the defendant’s absence. Therefore, the record is insufficient to establish that the defendant deliberately absented himself from the proceedings and thereby forfeited his right to be present (see People v Brooks, 75 NY2d at 899; People v Carroll, 196 AD2d 546, 547 [1993]; People v Charles, 176 AD2d 891, 892-893 [1991]; cf. People v Albert, 74 AD3d 1087 [2010]). Furthermore, the record does not reflect that the court considered any of the appropriate factors (see People v Parker, 57 NY2d at 142) before deciding to proceed with the trial in the defendant’s absence (see People v June, 116 AD3d at 1095; People v Ramos, 207 AD2d at 811). Accordingly, the defendant is entitled to a new trial.
 

 The defendant’s remaining contention is unpreserved for appellate review and, in any event, without merit.
 

 Rivera, J.P., Roman, Maltese and LaSalle, JJ., concur.