648 P.2d 135

The STATE of Arizona, Appellee,

v.

Edward Morris COLLINS, Appellant.

No. 2 CA–CR 2498–2.

Court of Appeals of Arizona, Division 2.

April 23, 1982.

Rehearing Denied May 28, 1982.

Review Denied June 22, 1982.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Asst. Atty. Gen., and Joel M. Glynn, Phoenix, for appellee.

Frederic J. Dardis, Pima County Public Defender by Lawrence H. Fleischman, Asst. Public Defender, Tucson, for appellant.

## OPINION

BIRDSALL, Judge.

The appellant was convicted of second degree burglary, A.R.S. § 13–1507, a class 3 felony, and sentenced to 11.25 years imprisonment to run consecutively to other sentences he was serving.

The arguments on appeal are:

1) The trial court erred in refusing to admit his jail medical record as an exhibit;

2) Arizona Rules of Criminal Procedure are unconstitutional since they provide a different standard of review for a defendant indicted by the grand jury from one bound over by a magistrate;

3) His trial attorney could not waive his presence for the exercise of peremptory challenges of veniremen; and

4) The trial court failed to give a reason for the consecutive sentence.

We affirm the conviction, but remand for resentencing.

## JAIL MEDICAL RECORDS

The appellant's defense was insanity. To show instances of bizarre behavior, he offered a medical record compiled while he was in the Pima County Jail. The trial court refused to admit the entire exhibit since portions were irrelevant; for example, complaints of headache, chest congestion and diarrhea; dental problems; venereal warts; a request for tennis shoes; an ankle injury; observations that he was a malingerer and probable drug abuser. The trial judge directed the appellant to select those parts of the exhibit that were relevant so those could be admitted. This was never done. That ruling was undoubtedly correct and the appellant cannot now complain.

## REVIEW OF GRAND JURY INDICTMENT VS. INFORMATION RESULTING FROM PRELIMINARY HEARING

The appellant was indicted by the Pima County grand jury. He filed a motion for new finding of probable cause, Rule 12.9, Rules of Criminal Procedure, 17 A.R.S. It was denied. The only grounds provided in that rule for such relief are denial of a substantial procedural right or lack of a sufficient number of qualified grand jurors. He claims that the review provided under this rule should also include the ground that no credible evidence of guilt was adduced as in Rule 5.5 providing for relief from a magistrate's order binding the defendant over for trial after a preliminary hearing. The appellant contends the rules deny him equal protection and violate due process. We need not consider these contentions since the appellant has now been convicted of the crime. The unanimous verdict of the jury, the finding of guilt beyond a reasonable doubt, and the judgment of the court preclude our consideration of this argument.

*State v. Verive*, 128 Ariz. 570, 627 P.2d 721 (App.1981).

## EXERCISE OF PEREMPTORY CHALLENGES

The voir dire examination of the jury concluded at about noon. The trial judge directed the 20 qualified veniremen to return at 2:00 p. m. The appellant, who was in custody, was taken from the courtroom and not brought back until about 2:00 p. m. In his absence, commencing sometime after a lunch break, counsel for the state and the appellant each struck six veniremen from the panel, leaving the eight jurors who formed the trial jury. The trial judge did not return to the courtroom until after this was completed, again at about 2:00 p. m. Appellant's counsel did not request that the appellant be returned for this procedure, nor did he or the appellant urge any objection to this procedure until it was raised as an issue in the appellant's motion for new trial. Under this record the trial court implicitly found that defense counsel had waived the appellant's presence, and denied the new trial motion.

The resolution of this issue requires consideration of the following questions:

1) Did the appellant have a right to be present at the exercise of peremptory challenges?

2) Must the appellant personally make a knowing, voluntary waiver of this right, or can his attorney waive his presence?

## THE RIGHT TO BE PRESENT

This exact question is one of first impression in Arizona. Our supreme court has recently held that a defendant's right to be present at every critical stage of the trial, as guaranteed by the 6th and 14th Amendments to the U. S. Constitution and Article 2, Sec. 24 of the Arizona Constitution, includes the right to be present during the selection of the jury. *State v. Tudgay*, 128 Ariz. 1, 623 P.2d 360 (1981). Rule 19.2, Rules of Criminal Procedure, 17 A.R.S. provides:

"The defendant has the right to be present at every stage of the trial, *including the impaneling of the jury*, the giving of additional instructions pursuant to Rule 22, and the return of the verdict." (emphasis added)

But no Arizona appellate court has determined whether this includes the exercise of peremptory challenges.

This right to be present has been held to mean the right to be present at every "critical stage" of the trial. *State v. Armenta*, 112 Ariz. 352, 541 P.2d 1154 (1975). In *State v. Christensen*, 129 Ariz. 32, 38, 628 P.2d 580, 586 (1981), our supreme court held that this constitutional right to be present applies "whenever the presence has a relation, reasonably substantial, to the fullness of his opportunity to defend." (quoting *Snyder v. Massachusetts, infra*)

Other state courts have considered this question. In *State v. Carver*, 94 Idaho 677, 496 P.2d 676 (1972) the Idaho Supreme Court held that the defendant had a right to be present during voir dire and selection of the jury. It reversed a conviction where the defendant was involuntarily absent. In discussing this right the opinion observes, "The defendant may wish to challenge a particular prospective juror for any one of several valid reasons, one of which may be a negative visceral reaction." 496 P.2d at 679.

The Montana Supreme Court rejected the reasoning of the Idaho court in *State v. Hart*, 625 P.2d 21 (Mont.1981). In *Hart* the court was faced with the exact question presented here—the defendant was present for all but the acts of peremptory challenge. Although recognizing a defendant's right to be present at all stages of the proceeding where fundamental fairness might be thwarted by the defendant's absence, *Snyder v. Massachusetts*, 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674 (1934), the Montana court held that the exercise of peremptory challenges does not come within that category. The opinion reasons that the act of peremptory challenge is a "wholly legal exercise"— "a *pro forma* execution of the decisions formulated during questioning," therefore

the absence of the defendant is not injurious to due process or confrontation rights. *See Also Montgomery v. State*, 461 S.W.2d 844 (Mo.1971); *Tatum v. United States*, 330 A.2d 522 (D.C.App.1974). We agree that due process and confrontation rights are not involved.

The exercise of peremptory challenges, however, is anything but a wholly legal exercise. If it were the *pro forma* execution of challenges already conclusively determined, it might be a legal exercise, but that is surely not the record in this case. At the motion for new trial the appellant and his trial counsel both testified that the defendant did not communicate his desires to counsel before the strikes were made. Under Arizona Rules of Criminal Procedure, 17 A.R.S., the defendant in a non-capital felony case has a right to six peremptory challenges, Rule 18.4(c)(1). The prosecutor is required to exercise the state's challenges first, Rule 18.5(g). The defendant does not know which veniremen will be stricken by the state. It would be most difficult to have a prearranged plan.

We hold that the exercise of peremptory challenges, a right given the defendant by our criminal rules, is a critical stage of the proceeding at which he has the right to be present. We believe the defendant's presence has a reasonably substantial relationship to the fullness of the opportunity to defend. *See* Annot. 26 A.L.R.2d 762 (1952).

## WAIVER BY COUNSEL

■ Although we disagree with the holding in *State v. Hart, supra*, that the peremptory challenge exercise is "wholly legal" and with the reasoning of that opinion that such challenges are always determined during voir dire, we hold that counsel may waive this right and that the trial court may rely on counsel's waiver without requiring personal waiver by the defendant. We find support for this position in *State v. Rodriguez*, 126 Ariz. 28, 612 P.2d 484 (1980). In *Rodriguez* the question presented was whether the defendant's right to present a defense or testify himself could be controlled by his counsel absent his own re-

quest to the court that he be permitted to take the witness stand. Over the defendant's objection at trial, counsel rested for the defendant. In holding that counsel could generally control trial strategy, the court repeated the statement made in *State v. Jones*, 110 Ariz. 546, 550, 521 P.2d 978, 982 (1974) that:

> "[I]t is well established that the accused is bound by the trial strategy, misconduct and mistakes of counsel so long as counsel's assistance at trial was not reduced to a mere 'farce or sham.'"

The court also quoted at length from *Lanier v. State*, 486 P.2d 981 (Alaska 1971). After quoting that portion of the opinion which recognizes that the attorney acts on behalf of his client, the quotation goes on to say:

> "Second, there is a strong interest in promoting the efficient administration of justice. Any rule of law which would operate to frustrate this policy would be a disservice to the courts, attorneys, and ultimately to the litigants—including criminal defendants—who appear in court. It might be feared that a rule requiring an attorney to consult with his client before the client's rights may be waived would unduly interfere with trials. Not only would it hamper the attorney, it might force the trial judge to interrupt the proceedings whenever a waiver might be occuring in order to protect the record on appeal. If the judge did not do so, the defendant could later challenge his conviction by asserting that he had not consented to the waiver."

That reasoning is dispositive of the argument here. Unless the circumstances are exceptional, a defendant is bound by his counsel's waiver of his constitutional rights. *Henry v. Mississippi*, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965); *State v. Rodriguez, supra*; *Winters v. Cook*, 489 F.2d 174 (5th Cir. 1973). *Henry* specifically holds that such rights may be waived without a showing that there was consultation with the accused.

## CONSECUTIVE SENTENCE

■ The trial court did not state the reasons for the consecutive sentence.

**24**

A.R.S. § 13–708. We are compelled to remand for resentencing, and if the sentence imposed is again made consecutive to other sentences the trial court must comply with the statute.

Judgment of conviction affirmed; sentence vacated and remanded for resentencing.

HOWARD, C. J., and HATHAWAY, J., concur.