■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM WEBB, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered July 9, 1986, convicting him of criminal possession of a weapon in the third degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed and the matter is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

After the verdict was announced and the jury was polled, the court began to thank the jury for its services, and the defendant collapsed. The court advised defense counsel that the jury would be escorted to chambers where the court would conclude its remarks and discharge the jury. Defense counsel did not object to the plan and did not join the court and jury in chambers, despite the court's express invitation that he do so. In the course of the discharge in chambers, the jurors gave the Judge a note recommending that the court be lenient in sentencing the defendant because he had already suffered substantial humiliation and embarrassment. The note reiterated that the jurors believed that the defendant was guilty beyond a reasonable doubt, as announced in the verdict, and did not call for guidance in deliberation, legal principles, or any other response. The polling of the jury and the note indicated that the jury was unequivocal in its assent to the verdict. Hence, no further deliberation or hearing was required *(see, People v Pickett,* 61 NY2d 773; *People v Ciaccio,* 47 NY2d 431; *People v Gottlieb,* 44 AD2d 587, *revd on other grounds* 36 NY2d 629). Although a defendant has an "absolute right to be present, with counsel, 'whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge' " *(People v Ciaccio,* 47 NY2d 431, 436, *supra,* quoting from *Snyder v Massachusetts,* 291 US 97, 105-106), under the unique circumstances of this case, it was not error to complete the discharge of the jury in the absence of the defendant *(see, People v Ciaccio, supra).*

The defendant's contention that his guilt was not proven beyond a reasonable doubt is without merit. The inference of

his guilt flows naturally and logically from the facts proved *(see, People v Benzinger,* 36 NY2d 29). These facts are "inconsistent with the defendant's innocence and * * * exclude to a moral certainty every other reasonable hypothesis [but guilt]" *(People v Giuliano,* 65 NY2d 766, 767-768). The bottle recovered from the damaged premises, which was filled with gasoline and which contained a wick, bore the defendant's fingerprint and also bore scrapings of paint matching the scratches on the shingle wall of the house. Thus, the evidence established inferentially that the defendant possessed a Molotov Cocktail *(see, People v Riddick,* 130 AD2d 780) and caused the damage to the premises by throwing the Molotov Cocktail against the front wall of the house *(see, People v Betancourt,* 111 AD2d 762, *affd* 68 NY2d 707). Thus, the defendant could properly be convicted of criminal possession of a weapon in the third degree and criminal mischief in the fourth degree. Moreover, upon the exercise of our factual review power we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The court did not err in charging the jury that the "incendiary bomb" need not be lit with a flame at the time it was possessed, since the final act of lighting the Molotov Cocktail is not necessary for a conviction of criminal possession of a weapon in the third degree *(see,* Penal Law § 265.02 [2]; *People v Cruz,* 34 NY2d 362, 370, *rearg granted* 35 NY2d 760; *People v McCrawford,* 47 AD2d 318, 320-321).

We have considered the appellant's other contentions and find them to be without merit. Mangano, J. P., Thompson, Lawrence and Harwood, JJ., concur.