■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOBBIE KIDD, Appellant. [610 NYS2d 116] —Judgment unanimously affirmed. Memorandum: Defendant was convicted, after a jury trial, of manslaughter in the first degree (Penal Law § 125.20 [1]) for stabbing a young woman in the back with a knife, causing her death. The stabbing occurred following an altercation between two groups of young people in a shopping plaza parking lot. Defendant admitted to the police that she had stabbed a girl with a knife, although she believed that she had stabbed her in the leg.

We reject the contention of defendant that she was deprived of her right to be present at all material stages of trial when County Court polled the jury in her absence. The record establishes that defendant was present when the jury announced its verdict. Thus, there was no violation of the statutory requirements of CPL 310.40 (1) (see, People ex rel. Lupo v Fay, 13 NY2d 253, 257, mot to amend remittitur granted 13 NY2d 1178, cert denied 376 US 958; People v Williams, 186 AD2d 161, 163). Defendant was removed from the courtroom when she became hysterical after the verdict was rendered and the jury returned to the jury room. At that time, defendant's attorney requested that the jury be reassembled and polled. Defendant's attorney waived defendant's presence, and the jury was brought back and polled. Although due process requires that a defendant be present "whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge" (Snyder v Massachusetts, 291 US 97, 105-106), under the unusual circumstances of this case, we conclude that the court did not err in polling the jury in defendant's absence (see, People v Ciac-

*cio,* 47 NY2d 431, 436; *People v Webb,* 134 AD2d 303, *lv denied* 70 NY2d 939).

There is no merit to the contention of defendant that the court erred by allowing a member of the venire who had been peremptorily excluded to be seated as an alternate juror. That juror had been excluded by the prosecutor and all parties consented to her being seated as an alternate. Although we agree that such a practice is unusual, any claim of error has been waived because defendant consented to it. (Appeal from Judgment of Monroe County Court, Egan, J.—Manslaughter, 1st Degree.) Present—Denman, P. J., Green, Lawton, Callahan and Doerr, JJ.