924 P.2d 445

**STATE of Arizona, Appellee,**

v.

**Gregory A. LEVATO, Appellant.**

**No. CR–95–0460–PR.**

Supreme Court of Arizona,
En Banc.

Sept. 5, 1996.

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Division, R. Wayne Ford, Assistant Attorney General, Phoenix, for Appellee.

Neal W. Bassett, Phoenix, for Appellant.

## OPINION

JONES, Justice.

Defendant, Gregory A. Levato, concocted a fraudulent investment scheme in which innocent victims invested their money. The scheme resulted in significant financial loss by each of the victims. Defendant was convicted by a jury on nine counts of theft related to the scheme. *State v. Levato*, 183 Ariz. 558, 559–60, 905 P.2d 567, 568–69 (App. 1995). The court of appeals reversed the convictions and remanded for a new trial, holding that the trial court committed structural error in violation of the Fifth and Fourteenth Amendments to the United States Constitution by allowing the jury verdicts to be announced in open court in defendant's absence. *Id.* at 561–62, 905 P.2d at 570–71. In addition, the court of appeals held that the trial court erroneously admitted victims' testimony of the sources of investment money lost by them. *Id.* at 561–62, 905 P.2d at 570–71. We granted review solely on the issue whether the court of appeals correctly held that defendant's absence for the return of the jury verdicts was structural error. Jurisdiction exists under Ariz. Const. Art. VI, § 5(3), and A.R.S. § 12–120.24.

On the specific facts of this case, we hold that the trial court did not err when it received the verdicts in defendant's absence.

We therefore vacate the court of appeals' opinion insofar as it relates to defendant's absence. With respect to the evidentiary issue, we remand the case to the court of appeals to determine whether the trial court's decision to admit source of funds testimony was or was not harmless error.

## FACTS

During a break in jury deliberations, defendant suffered a physical collapse, apparently due to a heart problem. 183 Ariz. at 560, 905 P.2d at 569. Two jurors, having witnessed defendant being removed from the courtroom by paramedics, reported to the other jurors what they had seen. *Id.* Within minutes of this event, the jury sent word that it had reached its verdicts and was prepared to return them. Before proceeding with the verdicts, however, the trial court held an off-the-record discussion with both counsel to determine what action, if any, was required due to defendant's absence. The court, on the record, summarized the discussion as follows:

> The Court discussed with counsel the situation; in fact, offered to consider granting a mistrial in the event it was requested by either counsel. *I was informed that no mistrial would be requested, and that in the event the jury had a verdict, that we would—that counsel would like the verdict to be taken in open court.*
>
> The issue of [defendant's] non-appearance here was raised by [defense counsel, who] declined to waive [defendant's] appearance, [defendant] not being present and not being available, apparently, telephonically at this time. . . .

(Emphasis supplied.)

Thus, notwithstanding the court's offer, neither counsel requested a mistrial. Nor did either counsel request sealed verdicts pursuant to Ariz.R.Crim.P. 23.1(b). Importantly, though defense counsel indicated his unwillingness to waive defendant's presence, he nevertheless expressly requested that the verdicts be received and announced in open court. The prosecutor joined, and the court, accordingly, granted the request.

## DISCUSSION

■ The right of a criminal defendant to be present at the time the jury verdict is announced raises an important question both under the Constitution and laws of Arizona and the Constitution of the United States. The right to be present at trial is protected both by the Sixth Amendment to the federal constitution as incorporated and applied to the states through the Fourteenth Amendment, and by article II, section 24 of the Arizona Constitution. *United States v. Gagnon,* 470 U.S. 522, 526, 105 S.Ct. 1482, 1484, 84 L.Ed.2d 486 (1985); *State v. Cook,* 115 Ariz. 146, 148–49, 564 P.2d 97, 99–100 (App. 1977). In situations not implicating a defendant's right to confront witnesses or evidence against him, as in the instant case, the right to presence is nevertheless protected by the due process clauses of the Fifth and Fourteenth Amendments. *Gagnon,* 470 U.S. at 526, 105 S.Ct. at 1484. Accordingly, a defendant has the right to be present at every stage of the trial "whenever . . . presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge." *Snyder v. Massachusetts,* 291 U.S. 97, 105–06, 54 S.Ct. 330, 332, 78 L.Ed. 674 (1934); *State v. Christensen,* 129 Ariz. 32, 38, 628 P.2d 580, 586 (1981).

The right is further protected in Arizona by specific rule:

> The defendant has the right to be present at every stage of the trial, including the impaneling of the jury, the giving of additional instructions pursuant to Rule 22, *and the return of the verdict.*

Ariz.R.Crim.P. 19.2 (emphasis supplied.) [1]

The United States Supreme Court has not addressed the specific question whether the due process right to be physically present at trial extends to a non-capital felony defendant's presence for the return of a jury verdict. Nevertheless, numerous decisions from other jurisdictions indicate that such a right

---

1. Criminal Rule 19.2, of course, is not a constitutional mandate and does not suggest that a court necessarily commits error when it proceeds to announce a jury verdict in defendant's absence under circumstances where counsel is offered the possibility of a mistrial and rejects the offer.

exists. *See* Annotation, *Absence of Accused at Return of Verdict in Felony Case*, 23 A.L.R.2d 456, 463 (1952 and later case service). *But see Rice v. Wood*, 77 F.3d 1138, 1140 n. 2 (9th Cir.1996) (en banc) (stating that existence of the constitutional right is an open question and impliedly questioning its existence).[2]

■ We conclude, under the Sixth and Fourteenth Amendments to the United States Constitution, and article II, sections 4 and 24 of the Arizona Constitution, that criminal defendants, under all but exceptional circumstances, are entitled as a matter of constitutional right to be physically present for the return of jury verdicts. The question, therefore, is not whether the right exists, but rather, on the record before us, whether it must yield to the discretionary actions of counsel.

The trial court's recitation of its discussion with counsel indicates a bifurcation in defense counsel's strategy. Counsel on one hand declined to move for a mistrial even at the court's invitation and yet, while declining to waive defendant's presence, demanded the verdicts be announced. This stance was contradictory, and demonstrated, perhaps, a curiosity as to whether the verdicts, returned within minutes of defendant's collapse, might reflect sympathy by the jury. Moreover, we do not overlook the added possibility that counsel's actions may have been calculated to invite reversible error in the event of adverse verdicts. *See Henry v. Mississippi*, 379 U.S. 443, 451, 85 S.Ct. 564, 569, 13 L.Ed.2d 408 (1965). Such strategy obviously would have protected the defendant either way; but of course, he cannot have it both ways. Discretionary strategy evidenced by counsel's actions must, at some point, be binding on defendant.

■ Thus, counsel acting alone may make decisions of strategy pertaining to the conduct of the trial. *State v. Lee*, 142 Ariz. 210, 215, 689 P.2d 153, 158 (1984). In various instances involving protected constitutional rights, criminal defendants have been bound by counsel's strategy decisions, the consequences of which have resulted in an erosion or loss of those rights. *Henry*, 379 U.S. at 451, 85 S.Ct. at 569 (acquiescence by counsel to introduction of, and reliance upon, evidence received in violation of the exclusionary rule under the Fourth Amendment); *see also Estelle v. Williams*, 425 U.S. 501, 508–12 & nn. 3, 9, 96 S.Ct. 1691, 1695–97 & nn. 3, 9, 48 L.Ed.2d 126 (1976) (acquiescence by counsel to defendant's appearance at trial in prison garb); *State v. Rodriguez*, 126 Ariz. 28, 34, 612 P.2d 484, 490 (1980) (waiver by counsel of defendant's right to call witnesses); *State v. Collins*, 133 Ariz. 20, 23, 648 P.2d 135, 138 (App.1982), *review denied*, June 22, 1982 (waiver by counsel of defendant's *presence* during peremptory strikes).[3]

2. In *Wood*, the Ninth Circuit, sitting *en banc*, reversed the earlier pronouncement of its own three-member panel and held that where a capital jury's death verdict was received in the defendant's absence, the trial court committed not structural error, which would have required reversal, but trial error, which was subject to analysis under a harmless error standard. *Wood*, 77 F.3d at 1144. Because we conclude that the trial court did not err on the facts of this case, we need not determine whether an erroneous announcement of a verdict *in absentia* would constitute trial error or structural error. *See State v. Cruz*, 27 Ariz.App. 44, 550 P.2d 1086 (App.1976) (leaving question open whether return of jury verdict *in absentia* is reversible error).

3. In *Collins*, 133 Ariz. at 23, 648 P.2d at 138, the court of appeals correctly points out that counsel generally controls trial strategy, quoting language from *State v. Jones*, 110 Ariz. 546, 550, 521 P.2d 978, 982 (1974):

[I]t is well established that the accused is bound by the trial strategy, misconduct and mistakes of counsel so long as counsel's assistance at trial was not reduced to a mere "farce or sham."

Collins, convicted of burglary, raised a question closely related to the issue presented here, whether counsel alone could exercise peremptory challenges of jurors at a time when the defendant was involuntarily absent from the courtroom. Holding that a valid waiver had occurred, the court of appeals reasoned *inter alia* that an unalterable rule requiring consultation between counsel and the defendant before the client's right may be waived would interfere with trials, would frustrate the policy of efficient judicial administration, and would disserve the courts, attorneys, and litigants who appear in court—including criminal defendants. *Collins*, 133 Ariz. at 23, 648 P.2d at 138. To rule otherwise would potentially force the trial judge to interrupt the proceedings whenever a waiver might be occurring in order to protect the record on appeal. *Id.* (citing *Lanier v. State*, 486 P.2d 981, 987 (Alaska 1971)).

In the instant case, whatever may have motivated counsel's contradictory stance is not important. What is important is that a defendant's presence at the time the verdict is announced cannot be relinquished save in exceptional circumstances. *See Larson v. Tansy*, 911 F.2d 392, 396 & n. 2 (10th Cir. 1990); *Lee v. State*, 509 P.2d 1088, 1092 (Alaska 1973); 23 A.L.R.2d at 494, 23A C.J.S. *Criminal Law* § 1167, at 37 (1989).

We conclude, by reason of the unusual record below, that this case does indeed present exceptional circumstances. Counsel's outright refusal to seek a mistrial after invitation by the court and his unequivocal request that the verdicts be taken militate against defendant and in favor of holding that the trial court did not err in receiving the verdicts in defendant's absence.

Moreover, we note that other courts have similarly determined, in equally exceptional circumstances, that due process does not require defendant's presence during the return of verdict and jury polling phases of a criminal trial. In *People v. Kidd*, the defendant became hysterical and had to be removed after hearing the jury's guilty verdict on a manslaughter charge. Defense counsel, explicitly waiving defendant's presence, requested that the jury be reassembled and polled. On appeal, the court concluded that the unusual circumstances of the case outweighed the defendant's due process right to be present when the jury was polled. 202 A.D.2d 1014, 610 N.Y.S.2d 116, 117 (N.Y.App. Div.1994). In *People v. Webb*, the court held it was not error to continue polling jurors after the defendant collapsed and where counsel did not object. 134 A.D.2d 303, 520 N.Y.S.2d 629, 630 (N.Y.App.Div.1987).

In *Gagnon, supra*, the Supreme Court observed: "[T]he exclusion of a defendant from a trial proceeding should be considered in light of the whole record." 470 U.S. at 526–27, 105 S.Ct. at 1484 (citing *Snyder v. Massachusetts*, 291 U.S. 97, 115, 54 S.Ct. 330, 335, 78 L.Ed. 674 (1934)). In the case at bar, defendant was present during all portions of the trial that might have had a substantial influence on the verdict, including jury selection, opening arguments, the presentation of evidence, closing arguments, and jury in-structions. *See People v. Richards*, 140 Misc.2d 567, 531 N.Y.S.2d 474, 478 (N.Y.Sup. 1988). In addition, after the court announced the verdicts, the jurors were polled in counsel's presence.

In practical terms, counsel was faced with a choice of three options following defendant's removal from the courtroom: (a) to move for a mistrial, (b) to request sealed verdicts, or (c) to request that the verdicts be announced. He chose the latter. It is recognized as within counsel's discretion not to request a mistrial, even when invited to do so. Counsel also was not required to request sealed verdicts, though he could have done so. Similarly, counsel was by no means precluded from requesting that the verdicts be announced. We therefore hold, on the facts of this case, that defendant is bound by counsel's deliberate choice of strategy.

While this result may appear similar to a waiver by counsel, we emphasize that our holding does not reach the question of waiver, but rather is grounded in counsel's discretionary trial strategy rejecting the offer of mistrial and demanding the verdicts. On this record, therefore, notwithstanding defendant's absence from the courtroom during the return of the verdicts, due process does not require reversal of his convictions.

## SOURCES OF LOST WEALTH

The trial court admitted victims' testimony which disclosed the sources of funds lost by them in defendant's scheme. The court of appeals concluded that admission of the testimony constituted an abuse of discretion. Having reversed the case on the absence issue, however, the court of appeals did not fully resolve the evidentiary issue and thus did not determine whether the error was or was not harmless. 183 Ariz. at 561–62, 905 P.2d at 570–71. We did not grant review of the evidentiary issue, but our holding that defendant's absence was not error now necessitates full review of that issue. Because the court of appeals considered the parties' briefs and heard oral argument, we believe that court is better situated to review the issue. Accordingly, we remand the case to the court of appeals for a determination of

the evidentiary question presented in the appeal.

## DISPOSITION

That part of the court of appeals' opinion which relates to defendant's involuntary absence during the return of the jury's verdicts is vacated, and the case is remanded to the court of appeals to determine whether the trial court's admission of evidence relating to the sources of lost investment money was harmless beyond a reasonable doubt.

FELDMAN, C.J., ZLAKET, V.C.J., and MOELLER and MARTONE, JJ., concur.