■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL JACKSON, Appellant. [790 NYS2d 454]—

Judgment, Supreme Court, New York County (Rosalyn Richter, J.), rendered July 24, 2002, convicting defendant, after a jury trial, of burglary in the second degree, and sentencing him, as a second violent felony offender, to a term of 13 years, unanimously affirmed.

After the jury returned its verdict, but before the jury was polled, defendant punched his attorney in the face and then engaged in a lengthy and violent struggle with numerous court officers, injuring some of them, much of which occurred in the jury's presence. The court then had two communications with the jury in a nearby courtroom, outside the presence of counsel, concerning purely ministerial matters, which included efforts to calm down the visibly upset jurors and assure them that they would be safe. Since the communications were wholly unrelated to the substantive legal or factual issues of the trial, the court did not err in communicating with the jury outside the presence of defense counsel (see People v Hameed, 88 NY2d 232, 240-241 [1996]; People v Bonaparte, 78 NY2d 26, 30-31 [1991]).

The court proceeded to poll the jury in the presence of defense counsel, but not defendant. By his behavior, defendant forfeited his right to be personally present (see People v Kidd, 202 AD2d 1014 [1994], lv denied 83 NY2d 968 [1994]). Given the extreme violence and duration of defendant's outburst, we conclude that the court was not obligated to offer defendant an opportunity to attend the polling of the jury upon a promise of good behavior.

The court's charge concerning the element of intent to commit a crime was correct (see Penal Law § 140.25; People v Mackey, 49 NY2d 274, 279 [1980]). Concur—Andrias, J.P., Friedman, Marlow, Gonzalez and Catterson, JJ.