NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

REYNOLDO MEDINA, JR., *Appellant.*

No. 1 CA-CR 14-0643
FILED 4-30-2015

Appeal from the Superior Court in Maricopa County
No. CR 2012-153111-002
The Honorable Daniel J. Kiley, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Legal Defender's Office, Phoenix
By Cynthia D. Beck
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Patricia K. Norris and Judge Randall M. Howe joined.

---

D O W N I E, Judge:

¶1        Reynoldo Medina, Jr., timely appeals his convictions for theft of means of transportation and possession of burglary tools. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), defense counsel has searched the record, found no arguable question of law, and asked that we review the record for reversible error. *See State v. Richardson*, 175 Ariz. 336, 339, 857 P.2d 388, 391 (App. 1993). Defendant was given the opportunity to file a supplemental brief *in propria persona*, but he has not done so.

### FACTS AND PROCEDURAL HISTORY[1]

¶2        J.G.'s green Honda Accord ("vehicle") was stolen from his apartment parking lot. Police were notified of the theft. A few days later, Detective T. located the vehicle. A GPS tracking device was attached to the car, and soon thereafter, detectives received notification that the vehicle was mobile. Detective T. ultimately located the vehicle at a gas station, where Medina and a second individual, later identified as J.R., were pumping gas. Medina got into the driver's seat, J.R. got into the passenger seat, and Medina drove away. Medina drove to a residence, where he and J.R. got out of the car and began talking with two other males. After a short time, the vehicle left the residence and began moving at a high rate of speed. When Detective T. caught up with it, the vehicle was parked on the side of the road, and Medina and J.R. were standing a few feet away.

---

[1]    "We view the evidence in the light most favorable to sustaining the verdicts and resolve all inferences against appellant." *State v. Nihiser*, 191 Ariz. 199, 201, 953 P.2d 1252, 1254 (App. 1997).

¶3        Medina and J.R. were arrested, and Medina was read *Miranda* rights. Medina stated that he and J.R. were just walking down the street and denied any knowledge of the vehicle. During a search of J.R.'s person, officers found three keys that had grind marks and alterations.

¶4        Medina was charged with: (1) count one, theft of means of transportation, a class three felony, in violation of Arizona Revised Statutes ("A.R.S.") section 13-1814(A)(5); (2) count three, possession of burglary tools, a class six felony, in violation of A.R.S. § 13-1505(A)(2), (B)(2); and (3) count four, possession of drug paraphernalia, a class six felony, in violation of A.R.S. § 13-3415(A).[2]  Count four was dismissed with prejudice before trial.

¶5        During trial, officers testified to the above-stated facts, and the court admitted into evidence the keys recovered from J.R., as well as a surveillance tape from the gas station showing Medina and J.R. fueling the vehicle. At the conclusion of the State's case-in-chief, Medina moved for a judgment of acquittal pursuant to Arizona Rule of Criminal Procedure 20; the court denied the motion.

¶6        The jury found Medina guilty of counts one and three.[3] Medina did not appear for the reading of the verdict. After waiting two hours, the court, over objection, proceeded in Medina's absence. Medina was later apprehended, and at sentencing, admitted two prior felony convictions; the court sentenced him to concurrent, partially mitigated terms of 10 years' imprisonment for count one and three years' imprisonment for count three.

**DISCUSSION**

¶7        We have read and considered the brief submitted by defense counsel and have reviewed the entire record. *Leon*, 104 Ariz. at 300, 451 P.2d at 881. We find no reversible error. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and the sentence imposed was within the statutory range. The jury was properly impaneled and instructed. The jury instructions were consistent

---

[2]    Count two of the indictment related solely to J.R.
[3]     During trial and on the verdict forms, count three is presented as count two. However, the sentencing minute entry correctly refers to it as count three.

with the offenses charged. The record reflects no irregularity in the deliberation process.

**¶8**        The record includes substantial evidence to support the jury's verdicts. *See State v. Tison*, 129 Ariz. 546, 552, 633 P.2d 355, 361 (1981) (In reviewing for sufficiency of evidence, "[t]he test to be applied is whether there is substantial evidence to support a guilty verdict."). "Substantial evidence is proof that reasonable persons could accept as sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *State v. Spears*, 184 Ariz. 277, 290, 908 P.2d 1062, 1075 (1996). Substantial evidence "may be either circumstantial or direct." *State v. Henry*, 205 Ariz. 229, 232, ¶ 11, 68 P.3d 455, 458 (App. 2003).

**¶9**        Regarding count one, the State was required to prove that Medina, without lawful authority, knowingly controlled another person's means of transportation, knowing or having reason to know that the property was stolen. A.R.S. § 13-1814(A)(5). "Knowingly" means Medina acted with awareness of the existence of conduct or circumstances constituting an offense. A.R.S. § 13-105(10)(B). Control means to act so as to exclude others from using their property except on the defendant's own terms. A.R.S. § 13-1801(A)(2). Means of transportation includes any vehicle. A.R.S. § 13-1801(A)(9).

**¶10**        Substantial evidence supports the conviction for count one. J.G. testified Medina did not have permission to drive his vehicle and no one but J.G. and his wife had keys to the car. Detective T. testified he saw Medina fueling the vehicle and driving it.

**¶11**        The jury could have inferred that Medina knew or had reason to know the vehicle was stolen. Detective T. testified that the ignition had been damaged such that it rested in the auxiliary position, about 15 degrees from the normal position. The detective also testified that car thieves generally alter car keys into "jiggle keys" designed to fit any ignition, and jiggle keys are commonly used to steal Honda Accords. Detective T. testified the alterations on the keys J.R. possessed were consistent with alterations seen on jiggle keys. Additionally, one of the keys was bent, which was consistent with a repetitive twisting motion that car thieves use to start a vehicle.

**¶12**        Regarding count three, the State was required to prove that Medina transferred, possessed, or used a motor vehicle manipulation key or master key with intent to commit any theft or felony. A.R.S. § 13-1505(A)(2), (B)(2). "Possess" means to knowingly have physical

4

possession or otherwise exercise dominion or control over property. A.R.S. § 13-105(35). A manipulation key is a key, device, or instrument designed to operate a specific lock that can be variably positioned and manipulated in a vehicle keyway to operate a lock or cylinder, including a jiggle key. A.R.S. § 13-1501(8).

**¶13** Although keys were not recovered from Medina personally, the jury could infer that he possessed them earlier, when he drove the vehicle. As discussed *supra*, ¶ 12, the keys had been altered to fit any ignition, including the damaged ignition of the Honda Accord. The jury had substantial evidence from which to infer Medina's intent to commit theft of means of transportation — a felony.

**¶14** A defendant generally has a constitutional right to be present when the verdict is read. *See State v. Levato*, 186 Ariz. 441, 443-44, 924 P.2d 445, 447-48 (1996). However, "a defendant may waive his right to be present at any proceeding by voluntarily absenting himself . . . from it." Ariz. R. Crim. P. 9.1. A court may infer an absence is voluntary if the defendant "had personal notice of the time of the proceeding, the right to be present at it, and a warning that the proceeding would go forward in his . . . absence should he . . . fail to appear." *Id.*

**¶15** After the jury was excused to deliberate, the court stated to defense counsel, in Medina's presence: "I assume you'll be able to get in touch with your client . . . in the event the jury has a question or they come back with a verdict," and defense counsel replied, "I will." Medina was thus aware that the jury would return with a verdict and that he would need to return to court. Medina was also notified several times before trial that his voluntary absence could result in proceedings going forward without him.

**¶16** Once the jury advised that it had reached a verdict, court staff notified the attorneys, and two hours later, Medina still had not appeared. When questioned by the court, defense counsel stated,

> [I]mmediately after receiving a phone call from your bailiff informing me that there was a verdict, I did speak with Mr. Medina on the telephone, advised him to be here at 1:30. He did not indicate to me that that was going to be an issue at all. He didn't indicate that he had any transportation issues or that he was not going to be able to be here. And I have tried to telephone him since 1:30 . . . . I have tried to phone him at least three times since I've been here to the

courtroom.  I have not been able to reach him.  And I have also checked my voicemail, and I have no voice mails from him.

Under these circumstances, the superior court did not err by concluding that Medina had voluntarily absented himself for the reading of the verdict.

## CONCLUSION

**¶17**        Counsel's obligations pertaining to Medina's representation in this appeal have ended.  Counsel need do nothing more than inform Medina of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review.  *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984).  On the court's own motion, Medina shall have thirty days from the date of this decision to proceed, if he desires, with an *in propria persona* motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama