NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

LEON RAY YELLOWHAIR, *Appellant.*

No. 1 CA-CR 17-0613
FILED 11-27-2018

Appeal from the Superior Court in Maricopa County
No. CR2015-117331-001
The Honorable Annielaurie Van Wie, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Nicholas Chapman-Hushek
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Carlos Daniel Carrion
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Jon W. Thompson joined.

**W I N T H R O P**, Judge:

**¶1**        Leon Ray Yellowhair appeals his convictions and sentences for two counts of aggravated driving or actual physical control while under the influence of intoxicating liquor ("DUI"). Yellowhair argues the trial court erred by proceeding with jury selection when he was involuntarily absent. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

**¶2**        We view the facts in the light most favorable to upholding the verdicts and resolve all reasonable inferences against the defendant. *State v. Harm*, 236 Ariz. 402, 404, ¶ 3 n.2 (App. 2015) (citing *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

**¶3**        On December 29, 2014, a police officer stopped Yellowhair's vehicle after he observed Yellowhair speeding and making a wide right-turn. While questioning Yellowhair, the officer noticed signs of possible impairment. The officer then attempted to perform field sobriety tests, but Yellowhair refused to cooperate. After he arrested Yellowhair for suspected impaired driving, the officer obtained a warrant to draw a sample of Yellowhair's blood. Subsequent testing of the sample revealed it contained a blood alcohol content more than three and a half times the legal limit. At the time of his arrest, Yellowhair's driver's license was suspended and revoked. The State charged Yellowhair with two counts of aggravated DUI.

**¶4**        Yellowhair failed to appear for most of his trial. When Yellowhair did not appear for jury selection on the first trial day, the court continued the jury selection for thirty minutes. Defense counsel requested a continuance until the afternoon, informing the court that Yellowhair was stranded at his girlfriend's home with no means of getting to the courthouse. The court denied the requested continuance.

**¶5**        At the conclusion of jury selection, defense counsel objected to the State's request that the court issue a warrant for Yellowhair's arrest,

and he instead asked the court to do so the next morning. Defense counsel explained:

> It's my understanding that Mr. Yellowhair was with his ex-girlfriend earlier today and apparently after discussing this with his girlfriend, she had sought his assistance and left him with her kids in the morning when she went to work, but took his wallet, so he was unable to get here to court because the kids were there and she was at work and she was not willing to come to — leave work to get him to court, and so he's basically stuck with kids throughout the day.
>
> The earliest that she could have gotten to leave work and get . . . him over here . . . was around 1:15-ish or so and at that point, Mr. Yellowhair felt that it would best be — it would better to just come in the morning.

**¶6**        The court rejected defense counsel's request and promptly issued an arrest warrant. Yellowhair failed to appear the next two days, and he eventually self-surrendered the night before the fourth day of trial. He appeared for closing arguments and return of the verdicts, and the court instructed the jury before deliberations not to consider Yellowhair's absence when determining guilt.

**¶7**        The jury found Yellowhair guilty as charged. The court imposed two concurrent ten-year prison terms, and Yellowhair timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes sections 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

**ANALYSIS**

**¶8**        Yellowhair argues the court erred in proceeding with jury selection in his absence, and he contends the court should have instead granted his request to continue the jury selection until he could be present. Yellowhair specifically claims the court erred in finding his absence was voluntary.

**¶9**        Under the Sixth and Fourteenth Amendments to the United States Constitution and Article 2, Section 24, of the Arizona Constitution, a criminal defendant has a right to be present at trial. *State v. Levato*, 186 Ariz. 441, 443 (1996); *see also* Ariz. R. Crim. P. 19.2 (indicating a defendant has the right to be present at every stage of the trial, including jury selection). However, a defendant may voluntarily relinquish his or her right to attend

trial. *State v. Bohn*, 116 Ariz. 500, 503 (1977). A valid waiver depends upon the voluntariness of the defendant's absence. *Id.*

¶10      "The finding of voluntary absence, and, therefore, the existence of a waiver of the right to be present, is basically a question of fact." *State v. Bishop*, 139 Ariz. 567, 569 (1984) (quoting *Brewer v. Raines*, 670 F.2d 117, 120 (9th Cir. 1982)). "The trial court may infer that a defendant's absence is voluntary if the defendant had personal knowledge of the time of the proceeding, his right to be present, and the warning that the proceeding would take place in his absence if he failed to appear." *State v. Muniz-Caudillo*, 185 Ariz. 261, 262 (App. 1996) (citation omitted); *see also* Ariz. R. Crim. P. 9.1. Once the inference of voluntary absence is raised, a defendant bears the burden of proving his or her absence from trial was involuntary. *State v. Goldsmith*, 112 Ariz. 399, 401 (1975). This court will not reverse a trial court's finding that the defendant's absence was voluntary absent an abuse of discretion. *Bishop*, 139 Ariz. at 569.

¶11      Yellowhair concedes the court reminded him multiple times before trial that if he failed to appear for future proceedings, the trial could proceed in his absence. Indeed, at a pretrial hearing, the court specifically informed Yellowhair that jury selection would begin on July 17, 2017, at 10:30 a.m. The court stated, "[s]o I really do need you here in person, in Phoenix, to do your trial. I will tell you we do trials without defendants here on a somewhat regular basis; I have never seen it be good when the defendant is not here for their trial, okay?" Yellowhair responded affirmatively. On this record, the court properly inferred Yellowhair voluntarily waived his right to appear for trial.

¶12      Additionally, Yellowhair's excuse for his absence from jury selection does not explain his failure to attend the two subsequent days of trial. Indeed, his continued absence reasonably undermines the credibility of his rationalization for not appearing at trial on the first day. Furthermore, the record reflects that Yellowhair could have appeared at jury selection in the afternoon, yet he chose not to do so. Yellowhair thus fails to establish on appeal that his absence from trial was involuntary, and, therefore, the trial court did not abuse its discretion in declining to delay the jury selection.

## CONCLUSION

¶13        For the foregoing reasons, Yellowhair's convictions and sentences are affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA