NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JAMES BRIAN JONES, *Appellant*.

No. 1 CA-CR 19-0301
No. 1 CA-CR 19-0270
(Consolidated)
FILED 2-27-2020

Appeal from the Superior Court in Yavapai County
No. P1300CR201800144
The Honorable Thomas K. Kelly, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Law Offices of Gonzales & Poirer, P.L.L.C., Flagstaff
By Antonio Gonzales
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Jennifer M. Perkins joined.

---

**M c M U R D I E**, Judge:

¶1        James Brian Jones appeals his convictions for possession of dangerous drugs (methamphetamine) and possession of drug paraphernalia, and the resulting sentence. Jones' counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, he found no arguable question of law that was not frivolous. Jones was allowed to file a supplemental brief but did not do so. Counsel asks this court to search the record for arguable issues. *See Penson v. Ohio*, 488 U.S. 75 (1988); *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). After reviewing the record, we affirm Jones' convictions and sentences.

## FACTS AND PROCEDURAL BACKGROUND

¶2        On October 19, 2017, Yavapai County Sheriff Deputy Caylen Brooks stopped a gray Ford Explorer in Yavapai County for not having a functioning license-plate light. Jones was driving the vehicle.

¶3        When Jones handed Brooks his driver's license, Brooks noticed Jones was nervous. Brooks asked Jones to step out of the vehicle, and if there were any drugs or weapons in the vehicle. Jones responded that there was a firearm. Brooks asked for permission to search Jones. While Jones initially hesitated, he ultimately agreed to the search. When searching Jones' left pocket, Brooks felt a plastic baggy. In response, Jones tried to push Brooks' hands down or away from the pocket. Brooks shouted at Jones to keep his hands up and retrieved the plastic baggy, which contained a white crystalline powder later determined to be methamphetamine. Brooks seized the drug.

¶4        Upon a search of the vehicle's trunk, Brooks found a handgun in a case with a magazine full of ammunition. But there was no round in the chamber. Brooks seized the firearm and arrested Jones. When he was released from custody the next day, Jones signed a Release Conditions and Release Order ("Release Order") that informed him of his right to be

present at all proceedings and warned him that they would go forward in his absence if he failed to appear.

**¶5**        The State charged Jones with possession or use of dangerous drugs (methamphetamine), a class 4 felony; possession of drug paraphernalia, a class 6 felony; and misconduct involving weapons, a class 4 felony, for using or possessing a firearm during the commission of the other offenses. Jones pled not guilty to all charges.

**¶6**        Jones' arraignment was rescheduled several times due to his absence and his counsel's inability to communicate new court dates. On February 5, 2018, an arrest warrant was issued and subsequently quashed when Jones appeared at the arraignment. A second arrest warrant was issued after Jones failed to appear for a pretrial conference scheduled for May 7, 2018. Jones did not appear on June 11, 2018, for another pretrial conference requested by Jones' counsel. Jones was arrested on June 13, 2018, but was again released after posting a bond. At the pretrial conference on June 25, 2018, Jones appeared, and the court quashed the warrant and exonerated the bond. Jones attended all other pretrial proceedings in person or by telephone. Jones' presence was waived for half of the pretrial conference held on April 29, 2019.

**¶7**        Jones' counsel filed motions to suppress the evidence gathered from the traffic stop, challenging the basis for the traffic stop and Jones' consent to the subsequent search. After listening to testimony from Deputy Brooks and Jones, and reviewing an audio recording of the stop, the court denied the motions. At that same evidentiary hearing, Jones was advised of the charges against him and the potential consequences if he lost at trial but chose to reject the State's pending plea offer.

**¶8**        On April 24, 2019, the State supplemented its initial disclosure and included the forensic scientist who had tested the methamphetamine found on Jones as a possible witness. Jones' counsel filed a motion for sanctions requesting a dismissal of the charges or for the court to preclude the late-disclosed forensic scientist's testimony and report under Arizona Rule of Criminal Procedure 15 and the United States and Arizona constitutions. The court denied the motion.

**¶9**        A trial was held from May 2, 2019 to May 3, 2019. On the morning of the first day of trial, the court held a voluntariness hearing to determine whether Jones' statements to the officer regarding the presence of a firearm and drugs in the vehicle were voluntary and admissible. Jones was not present for the hearing because he was running late. The court

found that the statement was voluntary and informed Jones of the proceedings that took place in his absence once he arrived. Given the supplemental-witness-disclosure issue, the court also offered to continue the trial, but Jones declined. During the trial, the forensic scientist who tested the methamphetamine testified. Deputy Brooks also testified to the events of October 19, 2017, including the traffic stop, Jones' arrest, and the evidence seized.

¶10         At the end of the State's case, Jones moved for a judgment of acquittal on the misconduct involving weapons charge under Arizona Rule of Criminal Procedure 20. The court granted the motion, finding the State did not produce substantial evidence of Jones' access to the firearm during the commission of the other felonies. Jones elected not to testify in his defense and presented no evidence on his behalf. The jurors found Jones guilty for the two remaining counts, and at sentencing the court suspended the imposition of a sentence and placed Jones on three years' supervised probation.

¶11         After receiving the ruling on Jones' Rule 20 motion, the State appealed. Jones timely appealed, and we have jurisdiction under Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, -4032(A)(1), and -4033(A)(1).[1]

## DISCUSSION

¶12         We have read and considered counsel's brief and have reviewed the record for any arguable issues. *See Leon*, 104 Ariz. at 300. We find none.

¶13         Concerning Jones' late arrival to trial, there is sufficient evidence to conclude Jones voluntarily waived his presence for the preliminary matters and voluntariness hearing that took place in his absence. A defendant's "right to be present at trial is protected both by the Sixth Amendment to the federal constitution as incorporated and applied to the states through the Fourteenth Amendment, and by article II, section 24 of the Arizona Constitution." *State v. Levato*, 186 Ariz. 441, 443 (1996). Like many of the constitutional protections afforded to criminal defendants, however, the right to attend the trial may be waived. *State v.*

---

[1]     The State's Notice of Cross-Appeal was filed on May 7, 2019. There has been no subsequent briefing by the State. Thus, the appeal is considered abandoned, and we do not address it.

*Garcia-Contreras*, 191 Ariz. 144, 147, ¶ 9 (1998). The critical inquiry in this context is whether the defendant's absence is voluntary, as "a valid waiver depends upon voluntariness." *Id.*

**¶14** Under Arizona Rule of Criminal Procedure 9.1, a court may infer that a defendant's absence is voluntary, and thus a valid waiver of the right to be present, "if the defendant had actual notice of the date and time of the proceeding, notice of the right to be present, and notice that the proceeding would go forward in the defendant's absence." Because the superior court's "finding of voluntary absence, and, therefore, the existence of a waiver of the right to be present, is basically a question of fact[,] [w]e will not upset a . . . finding of voluntary absence . . . absent an abuse of discretion." *State v. Bishop*, 139 Ariz. 567, 569 (1984) (citation omitted) (quotation omitted). However, "in any proceeding involving the surrender of Constitutional rights, it must appear from the record that the waiver was knowingly, intelligently and voluntarily made." *State v. Avila*, 127 Ariz. 21, 25 (1980).

**¶15** Here, each requirement of Rule 9.1 was met. First, Jones received actual notice of the date and time of trial. At the pretrial conference held just days before the trial, the court confirmed with Jones the trial date. Jones was present by phone for the first half of the pretrial conference, and Jones' counsel waived his presence for the remainder of the proceeding. Further, at trial, Jones' family communicated to the court that Jones was running late due to traffic, and not because he was unaware that the trial was scheduled for that day. Once Jones arrived, the court told him what took place without him. Jones did not object or raise concerns regarding the trial date or time.

**¶16** Second, Jones received notice of the right to be present and that the proceedings could go forward in his absence when he signed the Release Order. The Release Order stated:

> **DEFENDANT TO READ AND SIGN:** I promise to comply with my release conditions. I understand I have the right to be present at my trial and other proceedings in my case, and if I fail to appear the trial or proceedings will be held without me and any bond posted may be forfeited. If convicted, I understand I will be required to appear for sentencing. If I fail to appear, I may lose my right to a direct appeal. If I violate any conditions of this Order, I understand my release can be revoked and a warrant may be issued for my arrest.

Such forms provide sufficient notice to defendants of their "right to be present, and . . . that the proceeding would go forward in the defendant's absence" as required by Rule 9.1. *See, e.g., State v. Tudgay*, 128 Ariz. 1, 3 (1981); *State v. Armenta*, 112 Ariz. 352, 353–54 (1975). Thus, there is sufficient evidence to support a finding that Jones voluntarily waived his presence at the voluntariness hearing and other preliminary matters discussed before the trial, and the court's decision to proceed in his absence was appropriate.

¶17 At all stages of the proceedings against him, Jones was represented by counsel and he was either present, hearings were continued, or his presence was voluntarily waived. The record reflects the superior court afforded Jones all his constitutional and statutory rights, and the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court held appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's verdicts. Jones' sentence falls within the range prescribed by law.

## CONCLUSION

¶18 Jones' convictions and sentences are affirmed. After the filing of this decision, defense counsel's obligations pertaining to Jones' representation in this appeal will end after informing Jones of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).



AMY M. WOOD • Clerk of the Court
FILED: AA